No. 16-4356

# In the

# United States Court of Appeals

# For the

# Eighth Circuit

---

Paul Hill,
>                    Plaintiff-Appellant,

vs.

Accounts Receivable Services, LLC,
>                    Defendant-Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA,
NO. 16-CV-219-DWF-BRT

---

**OPENING BRIEF OF APPELLANT**

Darren Brayer Schwiebert
DBS Law LLC
301 Fourth Avenue South, Suite 280N
Minneapolis, MN 55415
(612) 501-6008

January 23, 2017

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

Appellee Accounts Receivable Services, LLC ("ARS") violated the Fair Debt Collection Practices Act in four ways: ARS sued without having standing; provided Appellant Paul Hill and the Court with false bill of sale documents; falsely represented Hill's account stated liability; and demanded pre-judgment interest not available by contract or under law.

The District Court granted ARS's Motion for Judgment on the Pleadings, ignoring the standing claim, erroneously applying a ***subjective*** standard and pleading requirement to determine whether ARS's representations were false, deceptive, or misleading for purposes of the FDCPA. The District Court also erred in holding that Hill's victory in the state conciliation court extinguished his FDCPA rights. The District Court erred again in holding that any conduct alleged to violate 15 U.S.C. §1692e cannot violate 15 U.S.C. § 1692f as a matter of law. Finally, the District Court erred in holding that ARS's claim for prejudgment interest was supported by Minnesota law.

Respectfully, Hill believes that his case involves distinct characteristics and important legal questions warranting oral argument. Hill therefore requests oral argument in this case and suggests that 20 minutes for each side would be adequate.

Appellate Case: 16-4356    Page: 2    Date Filed: 01/24/2017 Entry ID: 4493463

# TABLE OF CONTENTS

**SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT**......2

**JURISDICTIONAL STATEMENT**....................................................7

**STATEMENT OF ISSUES** ...............................................................8

**STATEMENT OF THE CASE**...........................................................9

   A.   THE FDCPA................................................................9

   B.   ARS'S COLLECTION LAWSUIT .............................................10

   C.   THE FDCPA COMPLAINT....................................................11

       1.  *Hill's FDCPA Claim for Filing a Collection Lawsuit without Standing to Sue.* .........................................................12

       2.  *Hill's FDCPA Claim for a Misrepresentations in Connection with a False Bill of Sale.* ..................................................12

       3.  *Hill's FDCPA Claim for a False Representation Regarding Account Stated Liability.* ....................................................13

       4.  *Hill's FDCPA Claim for an Improper Attempt to Collect Interest Not Authorized by Contract or Law.* ...............................14

   D.   THE MOTION FOR JUDGMENT ON THE PLEADINGS. ................14

   E.   HEARING AND DISTRICT COURT ORDER.......................................16

**ARGUMENT** .................................................................................21

   A.   LEGAL STANDARD AND STANDARD OF REVIEW........................21

   B.   THE DISTRICT COURT ERRED BY DISMISSING HILL'S CASE WITHOUT ADDRESSING HIS FDCPA CLAIM FOR ARS'S COMMENCEMENT OF A COLLECTION LAWSUIT WITHOUT HAVING STANDING TO SUE...................................................22

   C.   THE DISTRICT COURT ERRED IN REQUIRING HILL TO PLEAD SUBJECTIVE CONFUSION TO ESTABLISH AN FDCPA CLAIM. ....24

Appellate Case: 16-4356   Page: 3   Date Filed: 01/24/2017   Entry ID: 4493463

D.  THE DISTRICT COURT ERRED IN IMPOSING A *PER SE* "MATERIALITY" RULE PROHIBITING CONSUMERS WHO PREVAIL IN STATE COLLECTION CASES FROM BRINGING FDCPA CLAIMS. ..........................................................28

    1.  *The FDCPA Does Not Contain A Materiality Requirement.* ...........29
    2.  *The Alleged Violations Were Material.* ...........................33

E.  THE DISTRICT COURT ERRED IN DISMISSING PLAINTIFF'S CLAIM BASED ON AN ATTEMPT TO COLLECT UNAUTHORIZED INTEREST. ........................................................................37

F.  THE DISTRICT COURT ERRED IN HOLDING THAT CONDUCT ALLEGED TO VIOLATE 15 U.S.C. § 1692e CANNOT VIOLATE 15 U.S.C. § 1692f. ...................................................................43

**CONCLUSION**.............................................................................45

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITS** .......................46

**CERTIFICATE OF SERVICE** ........................................................47

Appellate Case: 16-4356    Page: 4    Date Filed: 01/24/2017 Entry ID: 4493463

# TABLE OF AUTHORITIES

**CASES**

*Allen v. LaSalle Bank*, N.A., 629 F.3d 364 (3rd Cir. 2011) ..............................21

*Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp.2d 945
(D. Minn. 2008) ...................................................................... 17, 43

*Banks v. Slay*, 789 F.3d 919 (8th Cir. 2015).......................................................34

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993)............22

*Best Buy Stores L.P. v. Developers Diversified Realty Corp.*,
715 F.Supp. 2d 871 (D. Minn. 2010).................................................... 40, 41, 42

*Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, (11th Cir. 2012)................. 27, 32

*Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162
(9th Cir. 2006) ..................................................................................... 23, 44

*Comm'r v. Bosch's Estate*, 387 U.S. 456 (1967)...............................................39

*Currier v. First Resolution Inv. Corp.*, 762 F.3d 529,
(6th Cir. 2014).......................................................................................... 18, 43

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).....................21

*Duffy v. Landberg*, 133 F.3d 1120 (8th Cir. 1998) ......................................8, 27

*Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000)................................. 26, 32, 37

*Edwards v. McCormick*, 126 F. Supp.2d 795 (S.D. Ohio 2001) ............. 18, 43

*Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130 (2d Cir. 2010); ..............21

*Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507
(9th Cir. 1994)........................................................................................44

*Frey v. Gangwish*, 970 F.2d 1516 (6th Cir. 1992) ...........................................31

*Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) ................22

*Greene v. Dayton*, 806 F.3d 1146 (8th Cir. 2015) ............................................40

*Haney v. Portfolio Recovery Assocs., L.L.C.*,
2016 U.S. App. LEXIS 17287 (8th Cir. Sept. 21, 2016) ................................38

*Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357
(D. Minn. 2013). .....................................................................................22

*Heintz v. Jenkins*, 514 U.S. 291 (1995)..............................................................35

*Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814
(8th Cir. 2012). ............................................................................... passim

*Hogenson v. Hogenson*, 852 N.W.2d 266 (Minn. Ct. App. 2014) .......... 40, 42

*Holt v. LVNV Funding, LLC*, 147 F. Supp.3d. 756 (S. D. Ind. 2015)............43

*Hyatt v. Anoka Police Dep't*, 691 N.W.2d 824 (Minn. 2005) .......................40

*Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002)................................... 38, 39

*L.P. Medical Specialists, Ltd. v. St. Louis County*,
379 N.W.2d 104  (Minn. Ct. App. 1985).......................................................41

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ..............21

5

*Long v. Fenton & McGarvey*, 2016 U.S. Dist. LEXIS 172507
(S.D. Ind. 2016) ..................................................................................26

*Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 223 F.3d 873
(8th Cir. 2000)....................................................................................38

*McMillan v. Collection Professionals, Inc.*, 455 F.3d 754
(7th Cir. 2006) ...................................................................................27

*Merritt v. Dillard Paper Co.*, 120 F.3d 1181 (11th Cir. 1997) ...........33

*Miljkovich v. Shafritz & Duncan, P.A.*, 791 F.3d 1291
(11th Cir. 2015)..................................................................................35

*Neder v. United States*, 527 U.S. 1 (1999) ...........................................29

*Nelson v. Illinois Farmers Ins. Co.* 567 N.W.2d 538
(Minn. Ct. App. 1997) .......................................................................40

*Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051 (8th Cir. 2002) ...... 8, 26, 32

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001)...........................21

*Powers v. Credit Mgmt. Servs.*, 776 F.3d 567 (8th Cir. 2015) ......................32

*Reese Design, Inc. v. I-94 Highway 61 Eastview Center Partnership*,
428 N.W.2d 441 (Minn. Ct. App. 1988) ...........................................25

*Ruth v. Triumph P'ships*, 577 F.3d 790 (7th Cir. 2009)..................................21

*Salve Regina College v. Russell*, 499 U.S. 225 (1991) ....................................21

*Sheriff v. Gillie*, 136 S. Ct. 1594 (2016) ..........................................................32

*Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540 (2016) ........................................ 15, 36

*Summit Court, Inc. v. Northern States Power Co.*,
354 N.W.2d 13 (Minn. 1984) ............................................................41

*U.S. v. Any and All Radio Station Trans. Equip.*,
207 F.3d 458 (8th Cir. 2000) ............................................................21

*Williams v. OSI Educ. Servs.*, 505 F.3d 675 (7th Cir. 2007) ..........................26

*Woerthwein v. Midland Credit Mgmt.*,
2016 U.S. Dist. LEXIS 146624 (N.D. Ill. 2016)...............................27

**STATUTES**

15 U.S.C. § 1692d...........................................................................................29
15 U.S.C. § 1692d(3). .....................................................................................30
15 U.S.C. § 1692e............................................................................................passim
15 U.S.C. § 1692e(2)(A) .................................................................................11
15 U.S.C. § 1692f(1)........................................................................................passim
15 U.S.C. § 1692f............................................................................................passim
15 U.S.C. §1692k(d).........................................................................................7
28 U.S.C. § 1331................................................................................................7
28 U.S.C. § 1291................................................................................................7
Minn. Stat. § 344.01........................................................... 14, 17, 39, 40
Minn. Stat. § 491A.01......................................................................................42
Minn. Stat. § 549.09 ................................................................................ passim
Minn. Stat. 645.26, subd. 4............................................................................40

6

## JURISDICTIONAL STATEMENT

The United States District Court for the District of Minnesota had subject matter jurisdiction over the underlying matters because Hill raised federal questions under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. The FDCPA confers subject matter jurisdiction upon federal district courts pursuant to 15 U.S.C. §1692k(d). Additionally, 28 U.S.C. § 1331 conferred jurisdiction upon the District Court as the action arose under the laws of the United States.

The United States Court of Appeals for the Eighth Circuit has jurisdiction over this matter pursuant to 28 U.S.C. §1291 because the underlying Order was entered by the U.S. District Court for the District of Minnesota. Judgment in this matter was entered on November 1, 2016. No post-judgment motions were filed. Appellant timely filed his notice of appeal on November 29, 2016.

This is an appeal from a final order which disposes of all parties' claims.

Appellate Case: 16-4356    Page: 7    Date Filed: 01/24/2017 Entry ID: 4493463

## STATEMENT OF ISSUES

1.    Whether the District Court erred in dismissing Hill's lawsuit in its entirety without addressing the viability of his FDCPA claim based ARS's lack of standing.

*Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000)

2.    Whether the District Court erred in applying a ***subjective*** standard to determine whether a representation is false, deceptive, or misleading under either section 1692e or 1692f the Fair Debt Collection Practices Act.

*Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000)
*Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051 (8th Cir. 2002)
*Bourff v. Rubin Lublin,* LLC, 674 F.3d 1238 (11th Cir. 2012)
*Woerthwein v. Midland Credit Mgmt.*, 2016 U.S. Dist. LEXIS 146624 (N.D. Ill. 2016)

3.  Whether the District Court erred in holding that Hill's victory in the conciliation court resulted in a forfeiture of Hill's rights under the FDCPA.

*Heintz v. Jenkins*, 514 U.S. 291 (1995)
*Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814 (8th Cir. 2012)
*Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000)
*Bourff v. Rubin Lublin,* LLC, 674 F.3d 1238 (11th Cir. 2012)

4.  Whether the District Court erred in holding that ARS's claim for prejudgment interest was supported by Minnesota law.

8

*Best Buy Stores L.P. v. Developers Diversified Realty Corp.,*
715 F.Supp. 2d 871 (D. Minn. 2010)
*L.P. Medical Specialists, Ltd. v. St. Louis County,*
379 N.W.2d 104 (Minn. Ct. App. 1985)
*Johnson v. Riddle*, 305 F.3d 1107, 1117-18 (10th Cir. 2002)
Minn. Stat. § 549.09

5.    Whether the District Court erred in holding that any conduct alleged

to violate 15 U.S.C. § 1692e cannot violate 15 U.S.C. § 1692f as a matter of

law.

*Currier v. First Resolution Inv. Corp.*, 762 F.3d 529 (6th Cir. 2014)
*Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006)
*Fox v. Citicorp. Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994)

## STATEMENT OF THE CASE

### A. THE FDCPA

The Fair Debt Collection Practices Act was enacted in 1978 and

codified as 15 U.S.C. § 1692 *et seq*.  "The FDCPA permits consumers who

have been subjected to unfair practices by third-party debt collectors to

recover damages, attorney fees, and costs." *Duffy v. Landberg*, 133 F.3d

1120, 1122 (8th Cir. 1998) ("*Duffy I*").  "The purpose of the statute is 'to

eliminate abusive debt collection practices' and 'to insure that those debt

collectors who refrain from using [such] practices are not competitively

disadvantaged.'" *Id.*

15 U.S.C. § 1692k(a) provides that "any debt collector who fails to

comply with any provision of this subchapter with respect to any person is

9

liable to such person . . ." There are roughly 30 specifically enumerated

violation provisions of the FDCPA. Only a few distinct provisions, however,

are relevant to this dispute. 15 U.S.C. § 1692e provides as follows:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of
> any debt.

15 U.S.C. § 1692e further provides as follows:

> Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
> * * *
> (2) The false representation of—
>     (A) the character, amount, or legal status of any debt;

15 U.S.C. § 1692f provides as follows:

> A debt collector may not use unfair or unconscionable means to
> collect or attempt to collect any debt.

15 U.S.C. § 1692f(1) provides as follows:

> Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
>
> > (1) The collection of any amount (including any interest,
> > fee, charge, or expense incidental to the principal
> > obligation) unless such amount is expressly authorized by
> > the agreement creating the debt or permitted by law.

## B. ARS'S COLLECTION LAWSUIT

On September 2, 2015, ARS filed a lawsuit against Hill in the

Hennepin County Conciliation Court. In its conciliation court lawsuit, ARS

alleged that Hill owed a debt arising from medical services provided by

Appellate Case: 16-4356     Page: 10     Date Filed: 01/24/2017 Entry ID: 4493463

Allina Health System to Hill or his children, and that ARS was the successor-in-interest to Allina for the debt.

Hill appeared at the conciliation court hearing to contest ARS's claims. By order dated October 30, 2015, the conciliation court awarded judgment in favor of Hill and dismissed ARS's lawsuit on the merits and with prejudice.

## C. THE FDCPA COMPLAINT

On February 1, 2016, Hill filed his complaint against ARS in the United States District Court for the District of Minnesota. (Appendix, pp. 1-7.) On April 5, 2016, Hill filed an Amended Complaint. (App., pp. 15-23).

Hill's Amended Complaint alleged four distinct violations of the FDCPA: (1) an improper attempt to collect a debt through litigation without standing to sue (App. pp. 17-18, ¶¶ 15-18); (2) false representations in connection with a false bill of sale submitted to Hill and to the Conciliation Court (App. Pp. 18-19, ¶¶ 19-27); (3) a false representation that Hill "was liable to [ARS] on an account stated, for medical services rendered, in the amount of $3,687.62" when Hill had never received or retained a statement of account in that amount (App., p. 17, ¶¶ 11-12); and (4) an improper attempt to collect interest not authorized by contract or Minnesota law (App., pp. 17; 20; ¶¶ 10; 33-34).

11

1. *Hill's FDCPA Claim for Filing a Collection Lawsuit without Standing to Sue.*

ARS sued Hill, claiming to be the successor-in-interest to Allina on an account belonging to Hill. According to the allegations of Hill's Amended Complaint, which must be accepted as true, ARS did not have documentation to establish its ownership of the alleged debt, ***nor was ARS capable of acquiring such documentation***. (App., pp. 17-18, ¶¶ 15-18.) Assuming the truth of the allegations in the Amended Complaint, this action unquestionably constituted: (1) a false, deceptive, or misleading representation in connection with the collection of a debt in violation of 15 U.S.C. § 1692e and 1692e(2)(A); and (2) an improper attempt to collect a debt that was not owed in violation of 15 U.S.C. § 1692f(1).

2. *Hill's FDCPA Claim for Misrepresentations in Connection with a False Bill of Sale.*

At the conciliation court hearing, ARS presented to Hill and to the conciliation court a document titled "Bill of Sale," representing that this was the document establishing the transfer of Hill's account from Allina to ARS. (App., p. 18, ¶ 19.) This document was not what ARS claimed it to be. The document purported to "hereby" transfer to ARS from Allina certain "Assets" identified in an "attached Exhibit 1A." (App., p. 18, ¶ 21.) The document attached to the "Bill of Sale" and represented to be the "Exhibit

12

1A," however, was not the actual Exhibit 1A. Instead, the fake Exhibit 1A was printed on a later date from ARS's computer system, not Allina's, and was therefore not part of the "Bill of Sale" at the time the document was signed by Allina. (App., p. 18, ¶ 22.) Moreover, a separate document (a "Suit Authorization and Assignment") from ARS also purports to "hereby" transfer the account, meaning that at least one of the two documents must be false. (App., pp. 18-19, ¶¶ 24-27.) The Suit Authorization and Assignment contains additional misrepresentations, falsely claiming that ARS is "a division of Allina" (it is not) and that ARS was required to "select an experienced agency to pursue" the allegedly transferred claims (it did not). (App., p. 19, ¶¶ 25; 28.)

Simply stated, the "Bill of Sale" did not establish the transfer of Hill's account from Allina to ARS as represented by ARS.

### 3. *Hill's FDCPA Claim for a False Representation Regarding Account Stated Liability*.

In its conciliation court complaint, ARS represented that Hill was "liable to [ARS], on an account stated, for medical services rendered, in the amount of $3,687.62." (App., p. 17, ¶ 11.) This statement was false and misleading, because ARS included 6% interest through the date of filing the conciliation court complaint as part of the purported "account stated for medical services rendered." (App., p. 17, ¶ 10.) Hill did not receive

13

$3,687.62 in "medical services rendered," and, just as importantly, neither ARS nor Allina provided him with a statement of account in that amount, as would have been required under Minnesota law to establish an account stated in that amount.

### 4. *Hill's FDCPA Claim for an Improper Attempt to Collect Interest Not Authorized by Contract or Law.*

In its conciliation court complaint, ARS sought to extract from Hill interest assessed on the principal balance of 2,997.63 at a rate of 6% per annum. (App., p. 17, ¶ 10.) The ***applicable*** Minnesota statute, Minn. Stat. § 549.09, forbids the imposition of any statutory prejudgment interest for consumer credit cases with a principal balance of under $4,000. (App., p. 20, ¶ 33.) Because the alleged principal balance was less than $4,000, ARS's attempt to collect prejudgment interest violated 15 U.S.C. § 1692f(1). (App., p. 20, ¶ 34.)

### D. THE MOTION FOR JUDGMENT ON THE PLEADINGS.

ARS's Answer to the Amended Complaint incorporated four documents referenced in the Amended Complaint – the conciliation court complaint, the purported "Bill of Sale," the fake Exhibit 1A to the purported "Bill of Sale," and the "Suit Authorization and Assignment." (App., p. 25, ¶ 10 (referring to Dckt. No. 9, Exs. A, 1, 1A, B) (App., pp. 50-54). On May 19, 2016, ARS moved for Judgment on the Pleadings. Dckt. No. 23.

14

As to the FDCPA claim for suing Hill without having standing, ARS simply argued that "the fact that the underlying action was dismissed does not dictate an FDCPA violation." ARS argued, incorrectly, that "Mr. Hill's claims are based on an alleged 'per se' violation of the FDCPA – based solely on the fact that the underlying action was dismissed." ARS's Motion did not reference or acknowledge Hill's claim that ARS not only sued without having documentation to establish standing to sue, but that ARS was not capable of acquiring such documentation.

In seeking judgment on the pleadings with regard to the false representations surrounding the "Bill of Sale" and "Suit Authorization and Assignment," ARS argued that the alleged false statements were not material, because ARS's lawsuit was dismissed by the conciliation court.

Finally, as to the attempt to collect interest not authorized by Minn. Stat. § 549.09, ARS argued that because its conciliation court complaint cited and relied on a different statute, Minn. Stat. § 344.01, then there could be no violation. ARS's position simply ignores Hill's contention that Minn. Stat. § 549.09, the latter enacted law, governs ARS's right to statutory interest, not Minn. Stat. § 344.01. In other words, there was no right to statutory interest under Minn. Stat. § 344.01 either.

Appellate Case: 16-4356    Page: 15    Date Filed: 01/24/2017 Entry ID: 4493463

### E. HEARING AND DISTRICT COURT ORDER

The hearing on ARS's motion to for judgment on the pleadings was held on July 1, 2016. The district court issued its Order on October 31, 2016, granting ARS's Motion for Judgment on the Pleadings. (App., pp. 32-48.) Judgment was entered on November 1, 2016. (App., p. 49.) Notice of appeal was timely filed on November 29, 2016. Dckt. No. 43.

The District Court's Order first addressed the issue of Hill's standing in light of *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1549 (2016), which had been raised in letter briefs by the parties. (App., pp. 37-42.) Applying *Spokeo* and other Supreme Court and Eighth Circuit Law, the District Court concluded that, based on the pleadings, Hill did indeed have standing, because "[a]s alleged these are real harms and not merely procedural violations." (App., p. 42). The District Court noted that Hill must establish an injury in fact, including "a 'concrete' injury' that 'must actually exist.'" (App., p. 38 (quoting *Spokeo*, 136 S. Ct. 1540 at 15487-49)). Thus, the District Court concluded that Hill had met these requirements.

As to the merits of Hill's claims, the District Court's Order ignored Hill's FDCPA claim based on ARS's bringing a collection lawsuit without having standing to sue – *i.e.*, without having documentation to establish its ownership of the debt, ***and without being capable of acquiring such***

16

***documentation***.  Despite not addressing this claim, the District Court dismissed Hill's case with prejudice in its entirety.

As to the FDCPA claim for misrepresentations in connection with the false "Bill of Sale," the District Court held that to "state a claim under 1692e or 1692f, a plaintiff must allege that a defendant's allegedly misleading conduct ***actually deceived*** the plaintiff or someone else."  (App., p. 42.) (emphasis added.)  The District Court further held that because Hill failed to plead that he was actually, ***subjectively***, misled, and because he won the conciliation court case, "Hill fails to plausibly allege a claim under §§ 1692e, 1692f, and their subsections."  (App., p. 44.)

The District Court further held that ARS's submission of a false "Bill of Sale" and related misrepresentations were not actionable because they were not material.  (App., p. 45).  Specifically, the District Court concluded that because Hill "chose to defend the conciliation court suit and succeeded in that defense," he forfeited his right to sue for FDCPA violations.  (App., p. 45.)

The District Court also granted judgment on the pleadings as to ARS's improper overstatement of the alleged account stated.  As with the claim for the false "Bill of Sale," the District Court held that because Hill failed to plead that he was ***subjectively*** confused or misled by the false statement,

17

the false statement was not actionable as a matter of law.  (App., pp. 42-44).

The District Court also dismissed Hill's FDCPA claim based on the attempt to collect statutory interest not authorized by law.  In doing so, the District Court held as follows:

> The conciliation court complaint filed by ARS expressly states that ARS sought interest under Minn. Stat. § 344.01; there is no mention of Minn. Stat. § 549.09….  The entire premise of Hill's claim under § 1692f(1) is that ARS sought interest under Minn. Stat. § 549.09 – which is incorrect – so Hill's claim fails.

(App., pp. 46-47).  The District Court thus declined to analyze and rule on Hill's **actual** claim -- that Minn. Stat. § 549.09, not Minn. Stat. § 344.01, is the only interest statute governing ARS's claim against Hill.  The District Court obliquely references, but does not analyze or resolve, this claim in a footnote citing one unpublished Minnesota District Court case that "provides support for ARS's claim that it is entitled to interest under Minn. Stat. § 344.01," and one Minnesota Court of Appeals case "recognizing inconsistent caselaw."  (App., p. 47, n.2.)

Finally, the District Court held that to the extent Hill alleged that certain conduct violated 15 U.S.C. § 1692e, then such conduct could not violate § 1692f as a matter of law.  (App., pp. 45-46.)  Referring to this principle as "Section 1692f's Backstop Function," the District Court relies on *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp.2d 945, 953 (D. Minn.

18

2008) for the proposition that "to the extent Hill's claims under § 1692f are premised on misrepresentations, such claims must be dismissed." (App., p. 46.) As discussed further *infra*, *Baker* derives this idiosyncratic rule from *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001), an outlier case that has since been overruled by the Sixth Circuit Court of Appeals. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 536 (6th Cir. 2014).

## SUMMARY OF THE ARGUMENT

The first FDCPA violation is that ARS attempted to collect a debt from Hill through a conciliation court lawsuit without owning the debt and having standing to sue – that is, without having documentation required to establish standing and without having the ability to acquire such documentation. This is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692f(1). The District Court improperly granted judgment on the pleadings and dismissed Hill's case without acknowledging or analyzing this claim.

The second FDCPA violation is that ARS made false and misleading statements in connection with a false "Bill of Sale" and related documents presented to Hill and the conciliation court, in violation of 15 U.S.C. § 1692e. In dismissing this claim the District Court improperly applied a **subjective**, rather than an **objective**, standard to analyze whether a statement was false or misleading under § 1692e. The District Court made

19

an additional legal error in importing a materiality requirement into the FDCPA, and in using such a requirement to fashion a *per se* rule that a consumer who prevails in a state court collection action cannot later sue the debt collector for violations of 1692e and 1692f committed in the course of that action, in direct contradiction to this Court's decision in *Hemmingsen v. Messerli & Kramer, P.A.,* 674 F.3d 814 (8th Cir. 2012).

The third FDCPA violation is that ARS made a false representation by overstating the amount of an alleged account stated for medical services rendered, in violation of 15 U.S.C. § 1692e. As with the "Bill of Sale"-related claims, the District Court committed legal error by applying a ***subjective*** standard to determine whether the claim was false, deceptive, or misleading, and by applying a materiality requirement and a *per se* rule that a consumer who prevails in a collection action cannot assert FDCPA claims.

The fourth FDCPA violation is that ARS attempted to collect from Hill interest that was unavailable as a matter of Minnesota law, in violation of 15 U.S.C. § 1692f(1). The District Court erred by failing to analyze whether the interest demanded was or was not available as a matter of Minnesota law.

Appellate Case: 16-4356    Page: 20    Date Filed: 01/24/2017 Entry ID: 4493463

**ARGUMENT**

## A. LEGAL STANDARD AND STANDARD OF REVIEW

This Court reviews the grant of a motion for judgment on the pleadings *de novo*. *See U.S. v. Any and All Radio Station Trans. Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). In doing so, the Court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Id.* No deference is to be accorded to the District Court even as to the District Court's determinations regarding state law. *See Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991) (federal court of appeals "should review *de novo* a district court's determination of state law").

The FDCPA is a strict liability statute and is liberally construed to protect consumers. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001). "The characterization of the FDCPA as a strict liability statute is generally accepted." *Allen v. LaSalle Bank*, 629 F.3d 364, 368 n.7 (3rd Cir. 2011) (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010); *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009)).

The FDCPA was enacted "to eliminate abusive debt collection

21

practices," and "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Hemmingsen,* 674 F.3d at 817. A single violation of the FDCPA is sufficient to expose a defendant to liability for statutory damages. *See Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)*; see also Hartley v. Suburban Radiologic Consultants, Ltd.,* 295 F.R.D. 357, 373 n.5 (D. Minn. 2013).

### B. THE DISTRICT COURT ERRED BY DISMISSING HILL'S CASE WITHOUT ADDRESSING HIS FDCPA CLAIM FOR ARS'S COMMENCEMENT OF A COLLECTION LAWSUIT WITHOUT HAVING STANDING TO SUE.

The first FDCPA violation is based upon ARS's commencement and prosecution of a collection lawsuit against Hill without having standing. As alleged in the Amended Complaint, ARS sued without having documentation to establish its ownership of the debt, and without being capable of acquiring such documentation.

Assuming the truth of these allegations, and granting all reasonable inferences in favor of Hill, this establishes a violation of the FDCPA. *See*, *e.g.*, *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000), in which the Court held that "[h]aving concluded that Check Brokerage was not subrogated to Ayerco's rights, little further need be said. Check Brokerage's allegation in its state court complaint that it was "subrogated" to Ayerco's rights gave a false impression as to the legal status it enjoyed."

Appellate Case: 16-4356   Page: 22   Date Filed: 01/24/2017 Entry ID: 4493463

The *Gearing* Court concluded that "[t]he representation was, as the district court found, a false representation in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(2) and (10)," and noted that "[s]ection 1692e applies even when a false representation was unintentional." *Id.*; *see also Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1176 (9th Cir. 2006) ("We agree with the Second and Seventh Circuits. Requiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c).")

The District Court's order dismissing Hill's case in its entirety does not acknowledge the existence of this claim, much less provide any rationale for why the claim is not actionable.[1] This alone requires reversal of the District Court's Order.

---

[1] ARS may claim that, while not stated by the District Court, the conciliation court's ruling in favor of Hill (likely based on ARS's lack of standing) renders ARS's violation non-material and therefore not actionable. As set forth in detail *infra*, such a rule would be inconsistent with the language, intent, and purpose of the FDCPA, and would permit debt collectors to lie and cheat with impunity in state court proceedings, secure in the knowledge that if they are successful in state court, any FDCPA claim would be barred by the *Rooker-Feldman* doctrine, while if they are unsuccessful, the FDCPA violations would be rendered non-material and not actionable.

Appellate Case: 16-4356    Page: 23    Date Filed: 01/24/2017 Entry ID: 4493463

## C. THE DISTRICT COURT ERRED IN REQUIRING HILL TO PLEAD SUBJECTIVE CONFUSION TO ESTABLISH AN FDCPA CLAIM.

The Amended Complaint alleges that ARS made false representations in connection with its effort to collect a debt from Hill, including the submission of a false "Bill of Sale," and in making a demonstrably false representation about Hill's account stated liability. Accepting the truth of the allegations in the Amended Complaint and granting all reasonable inferences in favor of Hill, ARS provided Hill and the conciliation court with a document titled "Bill of Sale" that purported to "hereby" transfer Hill's account from Allina to ARS, when in fact the document was not a bill of sale, and did not transfer the account. The Exhibit 1A that ARS represented was part of the "Bill of Sale" was printed later from ARS's computer records and thus, contrary to ARS's representations, was not part of the "Bill of Sale" when signed by Allina.

Moreover, ARS provided a second document, in addition to the Bill of Sale, that also purported to "hereby" transfer the account. At least one of the documents must be false.

ARS also claimed that Hill was "liable to [ARS], on an account stated, for medical services rendered, in the amount of $3,687.62," when it is beyond doubt that Hill never received medical services in that amount, and

Appellate Case: 16-4356    Page: 24    Date Filed: 01/24/2017 Entry ID: 4493463

he never received, much less retained for an unreasonable amount of time without protest, an account statement in that amount.

Under Minnesota law, to establish an account stated, a party must prove that another party received an invoice in that amount and kept it for an unreasonable amount of time without objection. *See Reese Design, Inc. v. I-94 Highway 61 Eastview Center Partnership,* 428 N.W.2d 441, 444 (Minn. Ct. App. 1988). Assuming the truth of the allegations in the Amended Complaint, ARS's account stated allegation was thus demonstrably false. 15 U.S.C. § 1692e prohibits making false representations in connection with debt collection.

The District Court did not reach any conclusion as to whether or not ARS made false representations. Nowhere in its Order does the District Court conclude that ARS's representations in connection with the "Bill of Sale" documents, or with the account stated allegations, were accurate. Nor did the Court rule based on the arguments raised by ARS in its Motion. Rather, the District Court dismissed these claims because Hill did not plead ***subjective*** confusion. Specifically, the Court held that Hill had not stated a viable FDCPA claim because "Hill does not claim that ARS's allegedly misleading conduct actually deceived him or the conciliation court." (App., p. 43.) The Court concluded, "[i]n these circumstances – where neither Hill

25

nor the conciliation court was misled, and Hill won the underlying state court suit – Hill fails to plausibly allege a claim under §§ 1692e, 1692f, and their subsections."  (App., p. 44.)

Contrary to the District Court's conclusion, the standard for a claim under 15 U.S.C. § 1692e is that of the "unsophisticated consumer," which is an **objective**, not a **subjective**, test.  *See Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000) (*Duffy II)* ("[t]his standard protects the uninformed or naïve consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collections letters").

This Circuit adopted the "unsophisticated consumer" standard from the Seventh Circuit.  *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).  The Seventh Circuit's test is **objective**, not **subjective**.  *See Williams v. OSI Educ. Servs.*, 505 F.3d 675 (7th Cir. 2007) ("Our test is an objective one."); *see also Long v. Fenton & McGarvey*, 2016 U.S. Dist. LEXIS 172507, *7 (S.D. Ind. 2016) ("the Court cannot employ such a subjective standard when determining whether a communication violates the FDCPA.  Instead…the court must view the alleged violation of the FDCPA 'through the eyes of the unsophisticated debtor.'") (citing *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir.

26

2006)).

Another Court applying the Seventh Circuit's well-established *objective* standard recently rejected the reasoning employed by the District Court in this case:

> It is *irrelevant* under the objective unsophisticated consumer standard whether the Plaintiff, who actually received a dunning letter, was truly misled or deceived. *It makes no difference whether or not the actual FDCPA Plaintiff was actually misled*, only if the unsophisticated consumer would be misled.

*Woerthwein v. Midland Credit Mgmt.*, 2016 U.S. Dist. LEXIS 146624, *7 (N.D. Ill. 2016) (emphasis added).

The *subjective* rule adopted by the District Court directly contradicts the plain language of the FDCPA, which imposes strict liability for "false representations" without regard to their effect on any particular consumer. *See*, *e.g.*, 15 U.S.C. § 1692e; *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012) ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, *even where no misleading or deception is claimed*") (emphasis added). This application of the FDCPA is also necessary to carry out the Act's purpose, "to eliminate abusive debt collection practices' and 'to insure that those debt collectors who refrain from using [such] practices are not competitively disadvantaged." *Duffy I*, 133 F.3d at 1122.

27

By injecting a pleading requirement that a consumer be subjectively confused by a false representation, the District Court misapplied the law, and its decision must be reversed.

### D. THE DISTRICT COURT ERRED IN IMPOSING A *PER SE* "MATERIALITY" RULE PROHIBITING CONSUMERS WHO PREVAIL IN STATE COLLECTION CASES FROM BRINGING FDCPA CLAIMS.

While dismissing Hill's case for failure to plead subjective confusion, the District Court also offered "Alternative Bases for Dismissal of Hill's Claims." (App., p. 44.) The District Court's primary alternative basis was its conclusion that "Hill fails to state a claim under § 1692e and its subsections because the misrepresentations that Hill alleges are not material." (App., p. 44). The District Court's "materiality" requirement is drawn from three District of Minnesota cases, with no reference to the language of the FDCPA nor to any Eighth Circuit or Supreme Court precedent.

According to the District Court, the reason ARS's misrepresentations are not material (and therefore not actionable) is that "Hill alleges that he chose to defend the conciliation court suit and succeeded in that defense." (App., p. 45). In other words, where a consumer defends himself against misrepresentations by a debt collector in litigation, and the state court sides with the consumer, the consumer has forfeited his right to bring an FDCPA

28

claim based on the misrepresentations. The District Court takes this Court's observation in *Hemmingsen*, 674 F.3d at 819, that "we do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, ***by itself***, make the act of bringing it" an FDCPA violation, and transforms it into the debt-collector-friendly, "the fact that a lawsuit turns out ultimately to be unsuccessful, ***by itself***, absolves the debt collector of FDCPA liability."

The District Court's adoption of this *per se* rule that consumers' state court success precludes subsequent FDCPA claims is reversible error for at least two reasons. First, the FDCPA does not contain a materiality requirement. Second, even if Congress had chosen to impose such a requirement, ARS's violations were material.

1. *The FDCPA Does Not Contain A Materiality Requirement.*

In crafting and passing the FDCPA, Congress chose not to impose a materiality requirement. The statutory text is the starting place for "discern[ing] whether [a statute] require[s] a showing of materiality." *Neder v. United States*, 527 U.S. 1, 20 (1999). The FDCPA enumerates approximately thirty (30) specific prohibitions distributed among three categories. Each category of violation begins with a catch-all prohibition, followed by a series of enumerated violations. See §§ 1692d – 1692f. Section

29

1692d begins:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

§ 1692d then lists six items, each of which "is a violation" of the Act, such as the "publication of a list of consumers who allegedly refuse to pay debts." § 1692d(3).

> Similarly, § 1692e begins:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

§ 1692e then lists 16 acts, each of which "is a violation" of the Act.

> Similarly, § 1692f begins with:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

This is followed by eight enumerated violations, each of which "is a violation" of the Act.

When Congress repeatedly says "the following conduct is a violation of this section," it means that a debt collector who engages in that conduct is violating the statute. It does not mean that the violation requires proof of

30

some additional, unrecited element. Thus, when a plaintiff proves that a debt collector published a list of purported deadbeats in the local paper, he has proven a violation of § 1692d(3). The debt collector cannot defend by arguing, "There is nothing abusive about publishing such a list," or "this particular list was not abusive, because these deadbeats deserved it." Congress made the judgment, and this Court should not second-guess it.

So, too, for § 1692e. Once a plaintiff establishes that a debt collector's conduct matches one or more of the prohibitions enumerated in that section, the debt collector cannot defend by arguing, "There is nothing misleading about this particular act of misrepresenting the source of the letter or using a name other than the true name of our business." They cannot defend by saying, "This statement may have been misleading, but the violation should be excused because the misimpression should not affect the recipient's behavior." And they certainly cannot defend by saying, "These statements may have been false, but the violation should be excused because the state court judge agreed with the consumer and tossed the collection case out of court." Congress wanted to stop certain debt collection practices cold, not foster courtroom debate over whether those practices might be tolerable under some circumstances. *See Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992) (to remedy a "widespread

Appellate Case: 16-4356    Page: 31    Date Filed: 01/24/2017 Entry ID: 4493463

problem," Congress "crafted a broad statute").

Moreover, the United States Supreme Court has never adopted a materiality requirement. In the recently decided *Sheriff v. Gillie*, 136 S. Ct. 1594, f.n 6 (2016), the Supreme Court stated:

> Because we conclude that the letters sent by petitioners were truthful, we need not consider the parties' arguments as to whether a false or misleading statement must be material to violate the FDCPA....

*See also Bourff*, 674 F.3d at 1241 ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed"); *Duffy II*, 215 F.3d at 875 (attempt to collect even "trivial" amount in excess to that authorized by contract or law violates the FDCPA, with no "materiality" analysis required).

In *Peters*, the Eighth Circuit considered the argument that any literally false representation in a collection letter is a *per se* violation of section 1692e, but decided the case on other grounds. 277 F.3d at 1055-56. In *Powers v. Credit Mgmt. Servs.*, 776 F.3d 567 (8th Cir. 2015), this Court mentioned the concept of a "material" FDCPA violation in reversing a class certification order under Rule 23 based on a lack of commonality. However, this Court did not issue a ruling as to whether any particular conduct did or did not violate the FDCPA. *Id.* at 575.

32

It was reversible error for the District Court to impose a materiality requirement where Congress chose not to. *See Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1187 (11th Cir. 1997) ("[c]ourts have no authority to alter statutory language").

2. *The Alleged Violations Were Material.*

Even if Congress had imposed a "materiality" requirement into the FDCPA, Hill's pleading would satisfy it. According to the Amended Complaint, ARS violated Hill's rights under the FDCPA by suing him without having standing, by seeking to collect his money through misrepresentations, and by attempting to collect interest that was not available under Minnesota law, forcing him to spend a day defending himself in the conciliation court. (Add., pp. 16-20; ¶¶ 7-8; 13-15; 29-30.) Absent a lawsuit filed without standing, Hill would not have been required to spend a day in conciliation court defending himself against ARS's allegations. Despite ARS's ultimate loss in the conciliation court, ARS's violations had an impact on Hill and undermined his ability to choose his action regarding the debt.

The basis for the District Court's finding that the misrepresentations were not material is the fact that Hill ***prevailed*** in the conciliation court. But to hold that a consumer's victory in state court renders the debt

33

collector's violations non-material would violate this Court's holding in *Hemmingsen* **rejecting** a broad rule that misrepresentations made in litigation to a consumer debtor "are never actionable." *Hemmingsen*, 674 F.3d at 818.

Despite this Court's clear holding in *Hemmingsen*, the District Court's holding – that a consumer win in state court means the forfeiture of FDCPA rights – immunizes any statement made by debt collectors in state court collection actions from FDCPA liability. If the debt collector uses false statements as the basis for a collection claim and the duped state court enters judgment against the consumer, then the *Rooker-Feldman* doctrine kicks in to immunize the debt collector from FDCPA liability. *See*, *e.g.*, *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (federal courts deprived of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments"). If, on the other hand, the debt collector's false statements are rejected by the state court and the case dismissed, then the false statements, according to the District Court's logic, are non-material and non-actionable under the FDCPA.

Nothing in the language of the FDCPA, or in Eighth Circuit or Supreme Court law, suggests a Congressional intent to provide an FDCPA exemption for debt collectors who make their misrepresentations in state

34

court proceedings. Indeed, such a result directly contradicts the United States Supreme Court's clear ruling that the FDCPA ***does*** indeed protect consumers against misrepresentations by debt collectors (even attorney debt collectors) in state court proceedings. *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *see also Miljkovich v. Shafritz & Duncan, P.A.*, 791 F.3d 1291, 1299 (11th Cir. 2015) (citing *Heintz and* holding that exemption for misrepresentations in legal pleadings would "fall outside the range of a reasonable interpretations" of the FDCPA).

A simple hypothetical illustrates the problem with the District Court's reasoning. A debt collector sues a consumer in state court, demanding $1.1 billion dollars on an old credit card account, relying on obviously forged documents to establish consumer liability, and suggesting that the consumer face capital punishment for the failure to pay. The consumer, understandably, protests, and the state court agrees, dismissing the case. Under the District Court's ruling, there is no FDCPA problem here.

The District Court's view thus leads to extreme, not to mention "bizarre and idiosyncratic" results: the more preposterous (and incorrect) the statement of the debt collector, the less liability the debt collector faces because the consumer should know the statement is false and the state court is likely to see through the misrepresentation.

35

Finally, the District Court's conclusion is wrong in light of *Spokeo* and its own analysis of Hill's standing. According to the District Court's analysis and conclusion, which ARS chose not to appeal, ARS caused Hill concrete and particularized harm:

> Hill alleges that ARS violated his right to truthful information by providing him with a fake document and by including a misleading claim in ARS's conciliation court complaint. Further, he alleges that ARS violated his right to be free from collection of unauthorized interest by attempting to collect unlawful interest from Hill in the conciliation court proceeding. As alleged, ***these are real harms and not merely procedural violations***….Indeed***, the Court finds that Hill satisfies the concreteness requirement even though he successfully defended ARS's claims in conciliation court***….Here, given the particular circumstances of this case, the Court finds that ***ARS's alleged violations of Hill's rights to truthful information and freedom from efforts to collect unauthorized debt constitute an injury in fact***.

(App., pp. 41-42) (emphasis added). Thus, even the District Court conceded that, assuming the truth of the allegations in the Amended Complaint, Hill suffered a violation of his statutory right to receive truthful information, that ARS violated his right to be free from collection of unauthorized interest, that he suffered real – as opposed to mere procedural – harms, and that he suffered an injury in fact.

It defies all logic and fairness for the District Court first to conclude that the Amended Complaint alleges real, concrete harm and an injury in

Appellate Case: 16-4356    Page: 36    Date Filed: 01/24/2017 Entry ID: 4493463

fact to Hill, based on the violation of rights granted Hill by the United States Congress in the FDCPA, then to toss Hill's FDCPA claims out of court on the basis that the violations were not material. In other words, the District Court recognized that Congress intended the FDCPA to protect consumers from the very harm alleged by Hill, then dismissed his case anyway because the harm was supposedly not material. Thus, the District Court's materiality ruling cannot stand.

### E. THE DISTRICT COURT ERRED IN DISMISSING PLAINTIFF'S CLAIM BASED ON AN ATTEMPT TO COLLECT UNAUTHORIZED INTEREST.

According to the Amended Complaint, ARS attempted to collect statutory interest from Hill even though Minn. Stat. § 549.09, the statute *that is applicable to such a claim*, does not permit the collection of interest for any claim seeking a principal balance of under $4,000. ARS's attempt to collect interest that it was not entitled to is an FDCPA violation. *See e.g. Duffy II*, 215 F.3d at 873-75 (8th Cir. 2000) (finding that three demand letters that overstated interest calculations by $ 1.29, $ 1.84, and $ .65, respectively, violated the plain language of § 1692f(1)).

This Court has recently shown its willingness to acknowledge potential FDCPA violations based on interest demands not supported by the applicable state law. *See Haney v. Portfolio Recovery Assocs., L.L.C.*,

2016 U.S. App. LEXIS 17287, *26-32 (8th Cir. Sept. 21, 2016) (analyzing Missouri statute governing interest and finding viable FDCPA claim based on attempt to seek interest on interest not available under statute); *see also Johnson v. Riddle*, 305 F.3d 1107, 1117-18 (10th Cir. 2002) (evaluating § 1692f(1) claim and noting that "to evaluate whether [debt collector's] suit was 'permitted by law,' it is necessary to determine which 'law' the suit must be 'permitted by'").

The District Court nevertheless dismissed this claim. In doing so, the District Court did not perform any analysis or reach any conclusion as to whether Minn. Stat. § 549.09 (with its prohibition on the collection of statutory interest for a claim in the amount of ARS's claim against Hill) is the correct applicable statute, and therefore of whether ARS was seeking an amount "permitted by law." *See Johnson*, 305 F.3d at 1119:

> When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule.

In performing that analysis, "lower state court decisions may be helpful, but they are not dispositive of a prediction of how the highest court in the state might rule on the issue." *Id.*; *see also Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 223 F.3d 873, 876 (8th Cir. 2000) (in determining state law, federal court must predict how the State Supreme Court would resolve the

38

issue). [2]

Instead, the District Court determined that ARS's mere citation of a different statute (Minn. Stat. § 344.01) in its Conciliation Court complaint caused "the entire premise of Mr. Hill's claim under § 1692f(1)" to fail. (App., p. 47.) The District Court thus misconstrued Hill's claim. Hill alleged that Minn. Stat. §549.09, and not Minn. Stat. § 344.01, governed ARS's right to statutory interest, and that Minn. Stat. § 549.09 did not permit the imposition of statutory interest for a claim of this size. The District Court, while acknowledging in a footnote the "inconsistent caselaw" in Minnesota as to which statute should apply, dismissed Hill's claims without performing the required analysis of whether ARS had statutory authorization to collect the interest demanded. This alone requires a reversal and remand to the District Court.

In any event, the proper analysis reveals that ARS did not have legal authority to collect statutory interest. As recognized by the District Court, there has been conflicting case law as to which statute governs the right to prejudgment interest in a given case. *Compare Best Buy Stores L.P. v.*

---

[2] Reliance on state ***trial*** court decisions is not appropriate. *See Comm'r v. Bosch's Estate*, 387 U.S. 456, 465 (1967) ("When the application of a federal statute is involved, the decision of a state trial court as to an underlying issue of state law should *a fortiori* not be controlling."); *Johnson*, 305 F.3d at 1118 (trial court's reliance on unpublished state court trial decisions was reversible error).

39

*Developers Diversified Realty Corp.,* 715 F.Supp. 2d 871, 878 (D. Minn. 2010) (predicting that the Minnesota Supreme Court would apply Minn. Stat. § 549.09, and not Minn. Stat. § 344.01 to a breach of contract claim) *with Hogenson v. Hogenson*, 852 N.W.2d 266, 272-74 (Minn. Ct. App. 2014) (acknowledging conflicting authority and applying Minn. Stat. § 344.01 to a conversion claim).

Under Minn. Stat. 645.26, subd. 4, "[w]hen the provisions of two or more laws passed at different sessions of the legislature are irreconcilable, the law latest in date of final enactment shall prevail." *See also Greene v. Dayton*, 806 F.3d 1146, 1149 (8th Cir. 2015) ("The providers' state preemption argument against the SEIU also fails because even if the state laws conflict 'irreconcilabl[y],' the law passed most recently by the legislature controls and thus the Act trumps the older statute's definition of 'employees.' *See* Minn. Stat. § 645.26, subd. 4."); *Hyatt v. Anoka Police Dep't*, 691 N.W.2d 824, 830 (Minn. 2005) ("Therefore, we hold that to the extent the dog bite statute conflicts with the reasonable force statute, the special and subsequently enacted provisions of the reasonable force statute prevail.")

Minn. Stat. § 549.09 was adopted at least 61 years after Minn. Stat. § 334.01. Minn. Stat. § 334.01 existed in its current form at least as early as

1923 as § 5805. *See* "History" of § 334.01 at

https://www.revisor.mn.gov/statutes/?id=334.01.  In contrast, the relevant

section of 549.09 was amended in 1984 to the current language.  *See L.P.*

*Medical Specialists, Ltd. v. St. Louis County*, 379 N.W.2d 104, 109 (Minn.

Ct. App. 1985) ("In 1984, the Minnesota Legislature amended Minn. Stat. §

549.09, subd. 1 (1984) to provide prejudgment interest in most cases.");

*Summit Court, Inc. v. Northern States Power Co.*, 354 N.W.2d 13, 16, n.1

(Minn. 1984).

Moreover, in the only Minnesota case to address which prejudgment

interest statute applied to claims for unpaid medical bills, the Minnesota

Court of Appeals held that any claims arising ***after*** the effective date of

Minn. Stat. § 549.09 were subject to § 549.09, and not Minn. Stat. 344.01.

*See L.P. Med. Specialists*, 379 N.W.2d at 109-10.

Similarly, Judge Doty directly addressed the conflicting statutes in

*Best Buy,* 715 F.Supp. 2d at 878.  Best Buy argued that "Minnesota Statutes

§ 334.01 controls the award and rate of interest." *Id.* at 877.  Defendant, in

contrast, argues that "Minnesota Statutes § 549.09, governs award and

rate." *Id.*  The Minnesota District Court held that "[b]ecuase the Supreme

Court has not decided whether §334.01 or §549.09 applies in a breach of

contract action, the court must predict how it would resolve this issue."  *Id.*

41

The *Best Buy* Court ultimately held that §334.01 only applies to "'legal indebtedness,' such as wages and tax refunds" and held that "the court predicts that the Minnesota Supreme Court would apply § 549.09." *Id.* at 878. The Minnesota Court of Appeals addressed the same conflict in *Nelson v. Illinois Farmers Ins. Co.* 567 N.W.2d 538, (Minn. Ct. App. 1997) and held that §549.09 **and not §334.01** applies. *Id.* at 542-543; b*ut see Hogenson*, 852 N.W.2d at 272-74 (applying Minn. Stat. 344.01 to conversion claim).

Given that Minn. Stat. § 549.09 is the applicable statute, ARS's attempt to collect interest in Conciliation Court represents an attempt to collect an amount that it was not entitled to. *See* Minn. Stat § 549.09 ("Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest shall not be awarded on the following ... (4) judgments or awards not in excess of the amount specified in section 491A.01"). Minn. Stat. § 491A.01 is the jurisdictional statute for the conciliation court, which limits the Court to considering cases with claims of less than $15,000 (or $4,000 for consumer debt cases). Thus, Minnesota law specifically prohibited ARS from seeking interest from Hill in conciliation court. Reversal and remand is therefore required.

42

## F. THE DISTRICT COURT ERRED IN HOLDING THAT CONDUCT ALLEGED TO VIOLATE 15 U.S.C. § 1692e CANNOT VIOLATE 15 U.S.C. § 1692f.

As an "alternative basis for dismissal" of Hill's claims, the District Court determined that "to the extent Hill's claims under § 1692f are premised on the same conduct that Hill alleges violates § 1692e and its subsections, such claims must fail." (App., pp. 45-46.) The District Court refers to this as 15 U.S.C. § 1692f's "backstop" function. In so holding, the District Court relies on case law that has been rejected and abandoned.

The District Court's § 1692f "backstop" argument is based on *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp.2d 945 (D. Minn. 2008), which adopted the notion from *Edwards v. McCormick*, 126 F. Supp.2d 795 (S.D. Ohio 2001). The Sixth Circuit Court of Appeals subsequently reviewed, then rejected, this legal argument from *Edwards*:

> While "misleading" practices under §1692e and "unfair" practices under § 1692f reference separate categories of prohibited conduct, they are broad, potentially overlapping, and are not mutually exclusive. A debt collector's action could be "misleading" under § 1692e, "unfair" under § 1692f, or, as alleged here, both.

*See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 536 (6th Cir. 2014); *see also Holt v. LVNV Funding, LLC*, 147 F. Supp.3d. 756, n.2 (S. D. Ind. 2015) ("Yet, the Sixth Circuit's subsequent holding in *Currier* directly

43

contradicts this language in *Edwards*. . . .[I]t would seem that *Currier* overruled *Edwards* in this respect.")

This argument has been rejected by other Circuits. *See Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1177 (9th Cir. 2006) ("And, it appears that we (as well as other courts) routinely have allowed debtors to pursue causes of actions under multiple sections of the FDCPA, even though each violation was based upon the same circumstances."); *Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1516 n.10 (9th Cir. 1994) ("However, it is not unusual for an action to violate more than one FDCPA provision.") (citing Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,101 (Fed. Trade Comm'n Dec. 13, 1988) ("In many cases several different sections or subsections of the FDCPA may apply to a given factual situation."))

The District Court did not provide any justification for deviating from the established law of the Sixth and Ninth Circuit. Thus, this "alternative basis" does not provide any support for the District Court's dismissal of the case.

Appellate Case: 16-4356    Page: 44    Date Filed: 01/24/2017 Entry ID: 4493463

## CONCLUSION

The District Court's order dismissing this case should be REVERSED

and the case REMANDED so that Hill may proceed with his claims.

Respectfully Submitted,

/s/*Darren Brayer Schwiebert*
Darren Brayer Schwiebert

*Counsel for Appellant*

January 23, 2017

Appellate Case: 16-4356    Page: 45    Date Filed: 01/24/2017 Entry ID: 4493463

## CERTIFICATE OF COMPLIANCE WITH WORD LIMITS

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, I hereby certify that the textual portion of the foregoing brief (exclusive of the tables of contents and authorities, certificates of service and compliance, but including footnotes) contains 8,646 words as determined by the word counting feature of Microsoft Word 2010.

Pursuant to Circuit Rule 28A(h), I also hereby certify that the electronic files of this Brief and accompanying Addendum have been submitted to the Clerk via the Court's CM/ECF system.  The files have been scanned for viruses and are virus-free.

Respectfully Submitted,

January 23, 2017

/s/*Darren Brayer Schwiebert*
Darren Brayer Schwiebert
*Counsel for Appellant*

46

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, and Circuit Rule 25A(a), I hereby certify on the 23rd day of January, 2017, I filed a copy of the foregoing, along with the accompanying addendum, with the Clerk of the Court through the Court's CM/ECF system, which will serve electronic copies on all registered counsel.

Respectfully Submitted,

January 23, 2017

/s/*Darren Brayer Schwiebert*
Darren Brayer Schwiebert

*Counsel for Appellant*

Appellate Case: 16-4356    Page: 47    Date Filed: 01/24/2017 Entry ID: 4493463