# United States Court of Appeals
# For The Eighth Circuit

Paul Hill,

*Appellant,*

v.

Accounts Receivable Services, LLC,

*Appellee.*

_____

Appeal from the United States District Court
for the District of Minnesota
Case No.: 16-cv-219 (DWF/BRT)

_____

## APPELLEE'S BRIEF

_____

Michael A. Klutho (MN #186302)
Jessica L. Klander (MN #392290)
BASSFORD REMELE, P.A.
100 South Fifth Street
Suite 1500
Minneapolis, MN 55402-1254
(612) 333-3000

*Attorneys for Appellee*
*Accounts Receivable Services, LLC*

Darren Brayer Schwiebert (MN #260642)
DBS LAW, LLC
301 Fourth Avenue South
Suite 280N
Minneapolis, MN 55415
(612) 501-6008

*Attorneys for Appellant*
*Paul Hill*

# SUMMARY OF THE CASE

Appellant Paul Hill ("Hill") failed to pay his provider after receiving medical services. Hill's unpaid account was thereafter sold by the provider to Appellee Accounts Receivable Services, LLC ("ARS") via a sale and assignment. Ultimately, ARS sued Hill in the Hennepin County Conciliation Court to collect the unpaid balance. After a contested hearing, the collection action was dismissed by the conciliation court in Hill's favor.

Following that dismissal, Hill sued ARS in Minnesota federal district court, asserting claims under §1692e and §1692f of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"). Hill alleges that ARS's pleadings in the conciliation court were somehow improper. Notably, Hill's counsel is currently pursing six other cases based on nearly identical claims against ARS.

ARS moved for judgment on the pleadings. The district court granted ARS's motion and dismissed Hill's Complaint with prejudice. Hill thereafter appealed.

ARS respectfully requests that oral argument be granted in this matter. Given the nature of the claims and the number of cases pending on this issue, oral argument will be beneficial to the parties and the Court. ARS anticipates that thirty minutes total would be sufficient.

i

## <u>CORPORATE DISCLOSURE</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1A of the Eighth Circuit Rules of Appellate Procedure, Accounts Receivable Services, LLC is not a publicly held corporation and there is no ownership of ten percent or more of its stock.

Appellate Case: 16-4356    Page: 3    Date Filed: 02/23/2017 Entry ID: 4504874

# TABLE OF CONTENTS

**Page**

SUMMARY OF THE CASE ................................................................ i

TABLE OF AUTHORITIES ............................................................. v

JURISDICTIONAL STATEMENT ...................................................... 1

STATEMENT OF THE ISSUES......................................................... 1

     1.    Do Hill's 15 U.S.C. §1692e and §1692f claims fail as a matter of law because there was no misrepresentation and Hill was not actually misled?............................................................... 1

     2.    Does Hill's §1692e claim regarding the sale and assignment documents fail as a matter of law for lack of standing? ................................. 2

     3.    Does Hill's §1692f(1) claim also fail because ARS properly sought interest under Minn. Stat. §334.01?........................................................... 2

     4.    Does Hill's §1692f "catchall" claim fail as a matter of law because it lacks independently pled allegations? ............................................. 2

STATEMENT OF THE CASE......................................................... 3

SUMMARY OF ARGUMENT ......................................................... 6

STANDARD OF REVIEW .............................................................. 8

ARGUMENT .............................................................................. 10

    I.    HILL'S §1692e AND §1692f CLAIMS FAIL AS A MATTER OF LAW BECAUSE THERE WAS NO MISREPRESENTATION AND HILL WAS NOT "ACTUALLY MISLED." ................................................. 10

    II.    HILL'S CHALLENGE TO THE SALE AND ASSIGNMENT DOCUMENTS FAILS AS A MATTER OF LAW. .............................................. 16

Appellate Case: 16-4356     Page: 4     Date Filed: 02/23/2017 Entry ID: 4504874

    A.    Hill lacks standing to challenge the validity of the sale and assignment. ........................................................................ 16

    B.    In any event, the sale and assignment documents do not constitute a "material" misrepresentation. ......................... 20

    C.    Hill's "account-stated" claim fails as a matter of law. ............ 24

III.   HILL'S §1692f(1) CLAIM LIKEWISE FAILS BECAUSE ARS PROPERLY SOUGHT INTEREST UNDER MINN. STAT. §334.01. ................................................................................. 27

IV.   LASTLY, HILL'S §1692f "CATCHALL" CLAIM LIKEWISE FAILS BECAUSE IT LACKS INDEPENDENT ALLEGATIONS PLED IN SUPPORT. ............... 31

CONCLUSION ...................................................................................... 32

iv

Appellate Case: 16-4356    Page: 5    Date Filed: 02/23/2017 Entry ID: 4504874

# TABLE OF AUTHORITIES

**Page**

*Am. Druggists Ins. v. Thompson Lumber Co.*,
349 N.W.2d 569 (Minn. Ct. App. 1984) ..................................................... 25

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ............................................................... 9, 10

*Ashley County v. Pfizer*,
552 F.3d 659 (8th Cir. 2009) ............................................................ 9

*Baker v. Allstate Fin. Servs., Inc.*,
554 F. Supp. 2d 945 (D. Minn. 2008) .................................................. 2, 31

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................. 9, 10

*Best Buy Stores, L.P. v. Developers Diversified Realty Corp.*,
715 F. Supp. 2d 871 (D. Minn. 2010) ...................................................... 30

*Bill Johnson's Restaurants, Inc. v. NLRB*,
461 U.S. 731, 741, 103 S. Ct. 2161 (1983) ................................................ 24

*Blackford v. Westchester F. Ins. Co.*,
101 F. 90 (8th Cir. 1900) ................................................................ 18

*Caulfield v. Am. Account & Advisors, Inc.*,
Civil No. 12-2761, 2013 U.S. Dist. LEXIS 66935
(D. Minn. May 10, 2013) .................................................... 2, 21, 22, 32

*Demarais v. Gurstel Chargo, P.A.*,
Civil No. 16-293, 2016 WL 3676166 (D. Minn. July 6, 2016) ............................... 12

*Donaldson v. Mankato Policemen's Ben. Asso.*,
278 N.W.2d 533 (Minn. 1979) ............................................................. 28

*Donohue v. Quick Collect, Inc.*,
592 F.3d 1027 (9th Cir. 2010) ......................................................... 21-22

*Egge v. Healthspan Servs. Co.*,
No. 00-934 ADM/AJB, 2002 U.S. Dist. LEXIS 23985
(D. Minn. Oct. 28, 2001) .................................................... 2, 28, 30, 31

Appellate Case: 16-4356     Page: 6     Date Filed: 02/23/2017 Entry ID: 4504874

*Elyazidi v. SunTrust Bank,*
   780 F.3d 227, 234 (4ᵗʰ Cir. 2015) .................................................................. 22

*Erickson v. Gen. United Life Ins. Co.,*
   256 N.W.2d 255 (Minn. 1977) ........................................................................ 25

*Erickson v. Performant Recovery, Inc.,*
   Civil No. 12-2818 ADM/FLN, 2013 U.S. Dist. LEXIS 88690
   (D. Minn. June 25, 2013) ......................................................................... 2, 20-21

*Gabriele v. Am. Home Mortg. Servicing,*
   503 F. App'x 89 (2d Cir. 2012) ....................................................................... 22

*Gearing v. Check Brokerage Corp.,*
   233 F.3d 469 (7th Cir. 2000) ........................................................................... 20

*Gen. Underwriters v. Kline,*
   233 Minn. 345, 46 N.W.2d 794, 797-98 (1951) ........................................... 18, 19

*Gnoinska v. Messerli & Kramer, P.A. ,*
   Civil No. 12-947 (PAM/SER), 2012 U.S. Dist. LEXIS 156614 (D. Minn. Nov. 1,
   2012) .............................................................................................................. 21

*Hahn v. Triumph P'ships L.L.C.,*
   557 F.3d 755 (7th Cir. 2009) ...................................................................... 2, 21, 22

*Hartman v. Workman,*
   476 F.3d 633 (8th Cir. 2007) ............................................................................ 8

*Heintz v. Jenkins.,*
   514 U.S. 291, 295-96 (1995) ........................................................................ 14, 24

*Hemmingsen v. Messerli & Kramer, P.A. ,*
   674 F.3d 814 (8th Cir. 2012) ...................................................................... *passim*

*Hiland Dairy, Inc. v. Kroger Co.,*
   402 F.2d 968 (8th Cir. 1968) ........................................................................... 10

*Hogenson v. Hogenson,*
   852 N.W.2d 266 (Minn. Ct. App. 2014) ...................................................... 2, 29-30

*ICC Leasing Corp. v. Midwestern Mach. Corp.,*
   257 N.W. 2d 551, 556 (Minn. 1997) ................................................................ 28

*Ill. Farmers Ins. Co. v. Glass Serv. Co.,*
   683 N.W.2d 792 (Minn. 2004) ........................................................................ 17

Appellate Case: 16-4356     Page: 7     Date Filed: 02/23/2017 Entry ID: 4504874

*Janson v. Katharyn B. Davis, L.L.C.*,
    806 F.3d 435 (8th Cir. 2015) ................................................................ *passim*

*Jensen v. Pressler & Pressler* ,
    791 F.3d 413 (3d Cir. 2015) .................................................................. 22

*L.P. Med. Specialists, Ltd. v. St. Louis County*,
    379 N.W.2d 104 (Minn. Ct. App. 1985) ...................................... 28-29, 30

*Martin ex rel. Hoff v. City of Rochester.*,
    642 N.W.2d 1, 13 (Minn. 2002) ............................................................ 17

*Meagher v. Kavli*,
    251 Minn. 477, 88 N.W.2d 871, 879 (1958) .......................................... 25

*Miller v. Javitch, Block & Rathbone*,
    561 F.3d 588 (6th Cir. 2009) .................................................................. 2

*Morgan Distrib. Co. v. Unidynamic Corp.*,
    868 F.2d 992 (8th Cir. 1989) ........................................................ 2, 9, 17

*N. States Power Co. v. Franklin*,
    265 Minn. 391, 122 N.W.2d 26, 29 (1963) .......................................... 26

*Nelson v. Ill. Farmers Ins. Co.*,
    567 N.W.2d 538 (Minn. Ct. App. 1997) .............................................. 30

*O'Rourke v. Palisades Acquisition XVI, LLC*,
    635 F.3d 938, 945 (7th Cir. 2011) ........................................................ 11

*Orr v. Wal-Mart Stores, Inc.*,
    297 F.3d 720, 725 (8th Cir. 2002) .......................................................... 8

*Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.*,
    809 F.3d 1018 (8th Cir. 2016) ........................................................ 8, 17

*Peters v. Gen. Serv. Bureau, Inc.*,
    277 F.3d 1051 (8th Cir. 2002) .............................................................. 27

*Spokeo, Inc. v. Robins*,
    194 L. Ed. 2d 635 (May 16, 2016) .......................................................... 5

*TEM Capital, L.L.C. v. Leonard*,
    2013 Minn. App. Unpub. LEXIS 1049 (Minn. Ct. App. Nov. 25, 2013) ........ 18, 19

vii

*United States v. Any & All Radio Station Transmission Equip.*,
  207 F.3d 458 (8th Cir. 2000) ......................................................... 8

*Vetter v. Sec. Cont'l Ins. Co.*,
  567 N.W.2d 516 (Minn. 1997) ...................................................... 17

*Wahl v. Midland Credit Mgmt.*,
  556 F.3d 643 (7th Cir. 2009) ........................................................ 22

*Westcott v. Omaha*,
  901 F.2d 1486 (8th Cir. 1990) ....................................................... 9

*Wishnatsky v. Rovner*,
  433 F.3d 608 (8th Cir. 2006) ........................................................ 9

**Statutes**

15 U.S.C. § 1692 (2012) ............................................................. 1, 4

15 U.S.C. § 1692e ................................................................ *passim*

15 U.S.C. § 1692f ................................................................ *passim*

15 U.S.C. § 1692k(d) (2012) ........................................................ 1

28 U.S.C. § 1291 (2012) ............................................................ 1

Minn. Stat. § 334.01 ............................................................ *passim*

Minn. Stat. § 548.101 ............................................................ 16, 17

Minn. Stat. § 549.09 ............................................................ *passim*

**Other**

6A C.J.S. *Assignments* § 71 (1975) ............................................... 18

Fed. R. App. P. 28 ................................................................ 1

Fed. R. Civ. P. 12(b)(6) ........................................................... 9

Fed. R. Civ. P. 12(c) .............................................................. 1

Minn. R. Civ. P. 3.01, 4.01 ....................................................... 23

Minn. R. Civ. P. 8.01 ............................................................. 26

Minn. R. Gen. Prac. 512(f) ........................................................ 23

Minn. R. Gen. Prac. 507 ........................................................... 26

Appellate Case: 16-4356    Page: 9    Date Filed: 02/23/2017 Entry ID: 4504874

## JURISDICTIONAL STATEMENT

Federal appellate courts have jurisdiction over "appeals from all final decisions of the District Courts of the United States." 28 U.S.C. §1291. This Court has jurisdiction over this appeal because federal courts have original subject matter jurisdiction over claims alleging claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* *See* 15 U.S.C. §1692k(d).

This is an appeal from the Minnesota federal district court's Memorandum Opinion and Order granting ARS's motion for judgment on the pleadings ("Order") pursuant to Fed. R. Civ. P. 12(c). (Add. at 32-48.) The Order was entered on November 1, 2016. (*Id.* at 49.) Hill filed a letter requesting permission to move for reconsideration on November 11, 2016. (Doc. #41.) The district court denied Hill's request for permission to move reconsideration. (Doc. #45.) Hill initiated this Appeal on November 29, 2016.

ARS's brief is filed in accordance with Fed. R. App. P. 28.

## STATEMENT OF THE ISSUES

1.  Do Hill's 15 U.S.C. §1692e and §1692f claims fail as a matter of law because there was no misrepresentation and Hill was not actually misled?

    *Yes. Hill's failure to plead allegations showing a misrepresentation or that he was actually misled mandates dismissal of Hill's claims.*

    **Apposite Authority:** 15 U.S.C. §1692e; 15 U.S.C. §1692f; *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435 (8th Cir. 2015); *Hemmingsen v. Messerli & Kramer, P.A., 67*4 F.3d 814 (8th Cir. 2012).

Appellate Case: 16-4356   Page: 10   Date Filed: 02/23/2017 Entry ID: 4504874

2. Does Hill's §1692e claim regarding the sale and assignment documents fail as a matter of law for lack of standing?

*Yes. Hill lacks standing to contest the validity of the sale and assignment documents and, in any event, Hill's challenges to the sale and assignment documents do not challenge "material" matters.*

**Apposite Authority:** 15 U.S.C. §1692e; *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992 (8th Cir. 1989); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755 (7th Cir. 2009); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588 (6th Cir. 2009); *Erickson v. Performant Recovery, Inc.*, Civ. No. 12-2818 ADM/FLN, 2013 U.S. Dist. LEXIS 88690 (D. Minn. June 25, 2013).

3. Does Hill's §1692f(1) claim also fail because ARS properly sought interest under Minn. Stat. §334.01?

*Yes. The District Court correctly concluded that Hill's §1692f(1) claim failed as a matter of law because ARS lawfully sought interest pursuant to Minn. Stat. §334.01.*

**Apposite Authority:** 15 U.S.C. §1692f(1); Minn. Stat. §334.01; *Egge v. Healthspan Servs. Co.*, No. 00-934 ADM/AJB, 2002 U.S. Dist. LEXIS 23985 (D. Minn. Oct. 28, 2001); *Hogensen v. Hogensen*, 852 N.W.2d 266 (Minn. Ct. App. 2014).

4. Does Hill's §1692f "catchall" claim fail as a matter of law because it lacks independently pled allegations?

*Yes. Hill's §1692f claim is improperly premised on the same allegations as his alleged §1692e and §1692f(1) claims. Hill's failure to allege independent allegations in support of the "catchall" §1692f claim required dismissal.*

**Apposite Authority:** 15 U.S.C. §1692f; *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945 (D. Minn. 2008); *Caulfield v. Am. Account & Advisors, Inc.*, Civ. No. 12-2761, 2013 U.S. Dist. LEXIS 66935 (D. Minn. May 10, 2013).

Appellate Case: 16-4356    Page: 11    Date Filed: 02/23/2017 Entry ID: 4504874

## STATEMENT OF THE CASE

Hill appeals from the Minnesota federal district court's Memorandum Opinion and Order ("Order") granting ARS's motion for judgment on the pleadings. (Add. at 32-48.) Notably, Hill's claims in this case form the substantively identical bases of several lawsuits recently initiated by Hill's counsel against ARS. *See Jorgensen v. ARS*, No. 16-cv-449 (RHK/KMM) (D. Minn. Aug. 31, 2016); *see also Norling v. ARS*, No. 16-cv-3348 (MJD/JSM) (D. Minn.); *Hillbeck v. ARS*, No. 16-cv-3345 (DWF/SER) (D. Minn.); *Ferkingstad v. ARS*, No. 16-cv-3565 (JNE/BRT) (D. Minn.); *Prado v. ARS*, No. 16-cv-3561 (RHK/HB) (D. Minn.); *Zaudtke v. ARS*, No. 16-cv-03562 (RHK-FLN) (D. Minn.); *see also* (related cases)*, e.g., Jorgensen v. Stewart, Zlimen & Jungers,* No. 16-cv-450 (DSD/KMM) (D. Minn. Oct. 17, 2016); *ARS v. Ojika*, No. 62-cv-16-1712 (2nd Dist. Ramsey Cnty. Sept. 7, 2016) (currently on appeal at the Minnesota Court of Appeals).

Hill failed to pay financial obligations he incurred following medical treatment. (Add. at 16 ¶¶6, 9.) The unpaid obligation was purchased from the provider and transferred to ARS. (Add. at 24-31; *see also* Add. at 50-53 (Vol. II under seal).) Thereafter, ARS initiated a collection action in Hennepin County Conciliation Court against Hill for the unpaid obligation. (Add. at 53 (Vol. II under seal).)

Appellate Case: 16-4356    Page: 12    Date Filed: 02/23/2017 Entry ID: 4504874

The conciliation complaint in the underlying action expressly stated that Hill owed ARS for the unpaid balance and sought 6% interest in addition to the balance owed pursuant to Minnesota Statute §334.01 (*Id*.) The bill of sale of the debt from the provider to ARS, the balance sheet on Hill's accounts, and the assignment from the original all were presented to Hill and the conciliation court at a *contested* hearing. (Add. at 17 at ¶¶13-15; Add. 50-52.) The underlying action ended in a dismissal by the conciliation court. (Add. at 20 at ¶31; *see also* Add. at 54.) The underlying conciliation court order stated that ARS "has not demonstrated an entitlement to relief and recovers zero." (Add. at 54.) There was no further explanation or memorandum accompanying the decision. (*Id*.)

Hill thereafter sued ARS in Minnesota federal district court asserting claims under §1692e and §1692f of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (Add. at 1-7.) ARS filed an Answer denying Hill's claims and asserted that the claims failed as a matter of law. (*Id*. at 8-14.) Hill filed an Amended Complaint. (*Id*. at 15-23.) Hill's Amended Complaint was premised on his contentions that (1) that the conciliation court's dismissal of the collection action was evidence of a "per se" violation of the FDCPA, (2) the collection complaint allegedly sought "prejudgment interest" under Minn. Stat. §549.09, (notwithstanding the specific reference to §334.01), and (3) the sale and assignment documents were somehow invalid. (*Id*.)

4

ARS thereafter answered the Amended Complaint, denying Hill's claims and asserted that the Amended Complaint failed to state a claim upon which relief could be granted.  (*Id*. at 24-31.)  ARS thereafter moved for judgment on the pleadings.  (Doc. #23-25.)  In its motion papers, ARS argued that Hill's claims failed as a matter of law because: (1) under *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814 (8th Cir. 2012) and other authority, the mere fact that an underlying collection is unsuccessful does not state an FDCPA claim; (2) even if the sale and assignment documents were somehow technically deficient, the challenged representations were not "material," and (3) ARS did not seek interest under Minn. Stat. §549.09 but instead sought interest under Minn. Stat. §334.01, to which it was entitled.[1]  (*Id*.)

The Minnesota federal district court granted ARS's motion, dismissing Hill's claims.  (Add. at 32-48.)  First, the district court held that all of Hill's claims under the FDCPA failed as a matter of law because Hill failed to allege that he or the conciliation court was "actually deceived" by the challenged conduct.  (Add. at 42-43.)  Next, the district court held that, in any event, Hill's §1692e claim failed

---

[1] ARS also argued that Hill lacked standing in its reply brief, based on a recently issued decision by the U.S. Supreme Court which held that a "bare procedural violation" alone was insufficient to allege an actual, concrete harm in order to confer standing.  *Spokeo, Inc. v. Robins*, 194 L.Ed.2d 635, 639 (U.S. May 16, 2016).  Ultimately, the district court denied that aspect of ARS' motion.  (Add. at 41-42.)

Appellate Case: 16-4356    Page: 14    Date Filed: 02/23/2017 Entry ID: 4504874

because the challenged representations did not meet the materiality standard under the FDCPA. (*Id*. at 44-45.)

Likewise, the district court held that Hill's §1692f claims failed because they were "premised on the same conduct that Hill alleges violates §1692e." (*Id*. at 45.) Finally, the district court held that Hill's interest claim under §1692f also failed because ARS's conciliation court complaint expressly sought interest under Minn. Stat. §334.01 – not Minn. Stat. §549.09 as Hill alleged below. (*Id*. at 46.)

Hill thereafter filed a letter with the district court requesting permission to move for reconsideration. (Doc. #41.) Hill's request was denied. (Doc. #45.) Hill appealed.

## SUMMARY OF ARGUMENT

Hill argues that (1) ARS lacked standing to file the collection action complaint because the sale and assignment documents allegedly were invalid; (2) the FDCPA does not require him to plead he was "actually deceived" by the challenged conduct; (3) the FDCPA does not require him to plead "materiality"; (4) ARS improperly attempted to collect prejudgment interest under Minn. Stat. §549.09; and (4) Hill is not required to plead independent allegations to satisfy the "catchall" provision under §1692f. Hill's claims fail as a matter of law.

As an initial matter, all of Hill's claims fail because the Amended Complaint fails to plead any allegations showing that either Hill or the conciliation court was

6

"actually deceived" by the challenged conduct. Under *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012) and *Janson v. Katharyn B. Davis, LLC,* 806 F.3d 435, 437 (8th Cir. 2015), the Eighth Circuit Court of Appeals has held that in order to state a claim under §1692e or §1692f, a plaintiff must allege that a defendant's allegedly misleading conduct *actually deceived* the plaintiff or someone else. Here, there is no allegation that either he or the conciliation court was deceived. To the contrary, the conciliation court action was dismissed in Hill's favor.

Moreover, *Hemmingsen* and *Janson* both held a claim under the FDCPA cannot be established by the mere fact that an underlying collection action was ultimately unsuccessful. Thus, Hill's attempt to convert the conciliation court outcome into a claim under the FDCPA, however characterized, is misplaced.

In any event, Hill's claims also independently fail for additional reasons. Hill lacks standing to challenge the validity of the sale and assignment to ARS absent some allegation and evidence of confusion between the contracting parties. Here, there is no allegation of any confusion between the original creditor and ARS; hence Hill's claim in this regard fails. And even if the sale and assignment documents were somehow deficient, Hill's allegations nonetheless fail to state a cognizable claim. In order to state a claim under the FDCPA based on allegations that a statement is false or misleading, the challenged representation must be *both*

7

false *and* material. Here, Hill has not pled, nor can he establish, that the challenged representations materially influenced his actions regarding the debt.

Hill's prejudgment interest claim also fails. Simply put, ARS did not seek interest under Minn. Stat. §549.09 as Hill contends. Rather, ARS properly sought interest under Minn. Stat. §334.01, the statute specifically referenced in the conciliation court complaint. Under applicable Minnesota law, Hill was expressly permitted to seek such interest.

Finally, Hill's "catchall" claim under §1692f likewise fails because he has not alleged any independent allegations in support of the claim.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is reviewed de novo. *United States v. Any & All Radio Station Transmission Equip., 20*7 F.3d 458, 462 (8th Cir. 2000). Ordinarily, new arguments raised for the first time on appeal are not considered. *Hartman v. Workman*, 476 F.3d 633, 635 (8th Cir. 2007). Newly raised arguments are only considered if they are "purely legal" and require "no additional factual development or if a manifest injustice would otherwise result." *Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.*, 809 F.3d 1018, 1022 (8th Cir. 2016) (quoting *Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 725 (8th Cir. 2002)). Moreover, a party may not amend or add claims to his complaint through

8

arguments in a brief. *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989).

The standard used for a Rule 12(c) motion is the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ashley County, Ark. v. Pfizer, Inc*., 552 F.3d 659, 665 (8th Cir. 2009). A Rule 12(b)(6) motion requires the court to review the complaint to determine whether it states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the allegations in the Complaint must be taken as true, a court should not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(c) "[j]udgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

In order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Rule 12(b)(6) motions "serve a useful purpose in disposing of legal issues with the minimum of time and expense to the interest of parties."

9

*Hiland Dairy, Inc. v. Kroger Co.,* 402 F.2d 968, 973 (8th Cir. 1968), *cert. denied* 395 U.S. 961 (1969).

Again, the Supreme Court has repeatedly instructed that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## ARGUMENT

### I. HILL'S §1692e AND §1692f CLAIMS FAIL AS A MATTER OF LAW BECAUSE THERE WAS NO MISREPRESENTATION AND HILL WAS NOT "ACTUALLY MISLED."

Hill contends that dismissal is unwarranted because the District Court allegedly applied a subjective standard to determine whether or not he was "actually deceived" by the challenged conduct.[2] (App. Br. at 24-27.) Curiously,

---

[2] Although unnecessary to resolve this appeal, Hill's claim that the District Court could have only reached its conclusion by incorrectly applying a subjective standard is wrong. (App. Br. at 25.) In determining that Hill failed to plead he was

10

Hill provides a lengthy analysis regarding whether a "subjective or "objective" standard should be applied to determine whether the conduct he has challenged was misleading.  (*Id*. at 26-27.)  But Hill fails to provide any justification for why, under either a subjective or objective standard, his claims should survive dismissal.  (*Id*.)  Simply put, Hill has not pled sufficient facts to show that he (or the conciliation court) was objectively or subjectively deceived by the challenged conduct.  Hill's claims therefore fail as a matter of law for this reason alone.

To be sure, the FDCPA does provide that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692e.  Likewise, a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt" including, "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or *permitted by law*."  15 U.S.C. §1692f, (1) (emphasis added).

---

"actually deceived," the District Court relied on *Janson v. Katharyn B. Davis, LLC,* 806 F.3d 435, 437 (8th Cir. 2015) and *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012).  (App. at 42-43.)  Both *Janson* and *Hemmingsen* applied an objective standard when dismissing the plaintiff's claims.  In *Janson*, the Court concluded that the plaintiff's claims failed as a matter of law because he had "not plausibly alleged that he or anyone else was misled" by the alleged representation.  *Janson,* 806 F.3d at 437.  In *Hemmingsen*, the Court dismissed the claims because the plaintiff had not "produced any evidence showing that the state court judge -- or anyone else – 'was misled, deceived, or otherwise duped' by [the defendant's] pleadings."  *Hemmingsen*, 674 F.3d at 819 (quoting *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 945 (7th Cir. 2011)).

Appellate Case: 16-4356    Page: 20    Date Filed: 02/23/2017 Entry ID: 4504874

But, in order to state a claim under §1692e or §1692f, a plaintiff must allege that a defendant's allegedly misleading conduct *actually misled* the plaintiff or another person or entity. *Janson v. Katharyn B. Davis, LLC*¸ 806 F.3d 435, 437 (8th Cir. 2015); *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012); *Demarais v. Gurstel Chargo, P.A.*, Civ. No. 16-293, 2016 WL 3676166, at *2 (D. Minn. July 6, 2016).

For example, in *Hemmingsen*, the Eighth Circuit Court of Appeals affirmed a district court's dismissal of a plaintiff's FDCPA claims that were based on pleadings filed by the defendant debt collector in an underlying collection action. The law firm defendant in *Hemmingsen* had filed a collection action against a consumer for an unpaid credit card debt. *Id*. at 816. The complaint had asserted claims for breach of contract and account stated. *Id*. The consumer thereafter hired an attorney, who, in turn, filed an answer on her behalf, denying the claims and contesting liability for the debt. *Id*. Both parties moved for summary judgment. *Id*. The court *granted the consumer's motion*, dismissing the collection action, and concluded that the law firm had failed to produce sufficient evidence to show that a contract existed between the consumer and the creditor or that the consumer was otherwise liable for the debt. *Id*. at 816-17.

The consumer in *Hemmingsen* thereafter filed a federal lawsuit against the law firm, asserting, among other things, alleged violations of §1692e and §1692f

Appellate Case: 16-4356    Page: 21    Date Filed: 02/23/2017 Entry ID: 4504874

(the same statutory sections asserted here). The *Hemmingsen* consumer argued that the law firm made "false statements and misrepresentations" and that it used "unfair or unconscionable means to collect" the debt in the underlying collection action based on statements made by the debt collector in the pleadings filed in the case.[3] *Id*. at 815. The district court, however, disagreed and dismissed the consumer's FDCPA claims, and concluded that the alleged "false" statements made to a consumer's attorney were not actionable under the FDCPA. *Id*. at 818. Hemmingsen appealed.

The Eighth Circuit Court of Appeals affirmed the district court's order dismissing the claims, based on other grounds, but noted that it had "no difficulty affirming the dismissal" of the consumer's FDCPA claims because they were not actionable.

In dismissing the §1692e claims, the *Hemmingsen* Court rejected the consumer's contention that "fact allegations [in a collection complaint] are false and misleading for purposes of §1692e when rejected as not adequately supported in the collection suit" because the contention was "contrary to the FDCPA's apparent objective of preserving creditors' judicial remedies." *Id*. at 819 (internal quotation omitted). The Court concluded that "[t]he fact that a state court judge

---

[3] ***After*** the FDCPA lawsuit was filed, the law firm in *Hemmingsen* did obtain proof that the consumer had made a payment on the account, evidencing that she did in fact owe the debt. *Id*. at 817.

Appellate Case: 16-4356    Page: 22    Date Filed: 02/23/2017 Entry ID: 4504874

rejected the [law firm's] contention . . . does not prove that those assertions were false or misleading" for purposes of the FDCPA "[n]or has [the consumer] produced any evidence showing that the state court judge – or anyone else – 'was misled, deceived, or otherwise duped' by the [law firm's] pleadings." *Id*. at 819.

The Court specifically noted that the fact that the underlying action was dismissed in the plaintiff's favor was in fact evidence that the state court "obviously was not misled or even persuaded by" the defendant's submissions. *Id.* at 819-820.

The Court also dismissed Hemmingsen's §1692f claims, rejecting the consumer's argument that the unsuccessful collection action constituted evidence of "unfair or unconscionable means to collect" a debt. The Eight Circuit Court of Appeals instead held that the dismissal of the underlying collection action was "not evidence that [the law firm's] aggressive pursuit of [the creditor's] unpaid account in litigation violated statutory prohibitions targeted at abusive pre-litigation practices." *Id*. at 820. The Court, quoting the United States Supreme Court, reasoned that, "we do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'" *Id*. (citing *Heintz v. Jenkins*, 514 U.S. 291, 295-96 (1995)).

Likewise, in *Janson*, the Eighth Circuit Court of Appeals similarly affirmed the district court's order granting the defendant's motion to dismiss the plaintiff's

14

FDCPA claims based on statements made in an underlying collection action. In *Janson*, the defendant law firm sued the consumer in a collection action for unpaid rent. *Janson*, 806 F.3d at 436. In support of the lawsuit against the consumer, the defendant law firm filed an affidavit setting out the amounts owed. *Id*. The state court ultimately entered judgment against the consumer. *Id*.

The consumer thereafter filed a lawsuit against the law firm, asserting claims under §1692e and §1692f (again, the same claims asserted here) of the FDCPA based on allegations that the law firm filed an inaccurate affidavit in the underlying action because it was not made on personal knowledge. *Id*. The federal district court dismissed the lawsuit, holding that the substance of the affidavit was not alleged to be false or misleading. *Id*. at 436-37. The consumer appealed.

The Eighth Circuit Court of Appeals affirmed the district court's order dismissing the plaintiff's claims. *Id*. at 437-38. The Court reasoned that the affidavit did not violate the FDCPA because while the plaintiff claimed the affidavit was not made on personal knowledge, he did not allege that the substance of the affidavit was literally false. *Id*. at 437. The Court further held that even if it were to assume the attestation were "literally false," the plaintiff "has not plausibly alleged that he or anyone else was misled by that falsehood." *Id*. (citing *Hemmingsen*, 674 F.3d at 819.)

15

Given the holdings of *Janson* and *Hemmingsen*, none of Appellant Hill's claims survive. Just like the plaintiffs in those cases, Hill alleges claims under §1692e and §1692f of the FDCPA based on challenged statements and conduct in an underlying state court collection action. But the law is clear: Hill cannot make a "per se" violation of the FDCPA based solely on the fact that the underlying action was dismissed. Moreover, just like the plaintiffs in *Janson* and *Hemmingsen*, Hill does not plead that the challenged conduct actually misled him (or the conciliation court) in any way. To the contrary, the underlying conciliation court action was dismissed in his favor. As such, Hill's claims fail as a matter of law.

## II. HILL'S CHALLENGE TO THE SALE AND ASSIGNMENT DOCUMENTS FAILS AS A MATTER OF LAW.

### A. Hill lacks standing to challenge the validity of the sale and assignment.

Hill contends that the conciliation court complaint was "misleading" because ARS allegedly lacked standing to sue on the debt. (App. Br. at 22.) As an initial matter, Hill did not plead that ARS "lacked standing" in his Amended Complaint, nor did he raise the argument to the district court. (*See* Doc. #13 and Doc. #27.) As such, Hill's argument in this regard is outside the scope of this appeal.[4]

---

[4] Instead, Hill's argument at the district court was that sale and assignment documents were allegedly insufficient because they failed to comply with Minn. Stat. §548.101, Minnesota's **Default** Judgment statute. (Doc. #27 at 17-20, 23-24.) In fact, the motivation for Hill's FDCPA lawsuit was the conciliation court's mistaken conclusion that ARS failed to comply with Minn. Stat. §548.101. Hill's

16

*Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (a party may not amend his complaint through arguments in a brief); *Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.*, 809 F.3d 1018, 1022 (8th Cir. 2016) (generally newly raised arguments are not considered unless they are "purely legal" and require "no additional factual development or if a manifest injustice would otherwise result.").

In any event, Hill's challenge to ARS's ownership of the debt also fails.

"An assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment." *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 803 (Minn. 2004) (citing *Martin ex rel. Hoff v. City of Rochester*, 642 N.W.2d 1, 13 (Minn. 2002)). The creditor is free to assign all rights to the assignee without the consent of the debtor. *Vetter v. Sec. Cont'l Ins. Co.*, 567 N.W.2d 516, 521 (Minn. 1997) ("As a general rule, and in the absence of a contractual provision to the contrary, an obligor on a contract may assign all beneficial rights to another, or

---

counsel has repeatedly raised the argument that Minn. Stat. §548.101 somehow applies to a **contested** hearing in multiple lawsuits. This contention has been rejected. *See, e.g. Jorgensen v. ARS*, No. 16-cv-449 (RHK/KMM) (D. Minn. Aug. 31, 2016); *see also ARS v. Ojika*, No. 62-cv-16-1712 (2nd Dist. Ramsey Cnty. Sept. 7, 2016). Under the statute's express language, Minn. Stat. §548.101 does not apply here because it only applies to default judgments, not contested hearings. Hill has apparently abandoned this ill-founded argument and instead is now attempting to belatedly assert his new "lack of standing" theory on appeal.

Appellate Case: 16-4356    Page: 26    Date Filed: 02/23/2017 Entry ID: 4504874

may delegate his or her duty to perform under the contract to another, without the consent of the obligee.").

It is well-settled that generally, "a debtor has no standing to question the validity of an assignment which is accepted as valid between the creditor and his assignee." *Gen. Underwriters, Inc. v. Kline*, 233 Minn. 345, 350, 46 N.W.2d 794, 797-98 (1951); *see also Blackford v. Westchester F. Ins. Co.*, 101 F. 90, 91 (8th Cir. 1900) ("As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignor cannot do so."); 6A C.J.S. *Assignments* § 71 (1975), p. 708 ("The validity of an assignment of a debt cannot be questioned by the debtor in a suit by the assignee unless he can show prejudice.").

For instance, in an unpublished case *TEM Capital, LLC v. Leonard*, 2013 Minn. App. Unpub. LEXIS 1049 (Minn. App. Nov. 25, 2013), the Minnesota Court of Appeals applied well-settled law and concluded that two separate debt assignments were valid and rejected a consumer's ill-founded challenges to the assignments – based on the same arguments now raised by Plaintiff.

In *TEM*, a consumer failed to make payments on two different credit cards. *Id*. at *2. The debts were thereafter separately sold and assigned to two different companies. *Id*. Statements were sent to the consumer and the consumer never objected to the amounts owed on either account. *Id*. at *3. The companies separately sued the consumer for the amounts owed. *Id*. Each company moved for

18

summary judgment.  *Id*.  In an attempt to avoid payment, the consumer opposed both motions arguing, among other things, that the companies lacked standing to sue because the companies had failed to prove their respective ownership of the debts.  *Id*. at *4.  Both district courts rejected the consumer's arguments and both granted the companies' motions.  *Id*.  The consumer appealed and the two cases were consolidated.  *Id*. at *7.

On appeal, the Minnesota Court of Appeals affirmed the district courts' rulings, holding that the companies had established assignment of the debts and the amounts owed.  *Id*. at *8-17.  In so holding, the Court acknowledged well-settled Minnesota law which provides that a debtor generally "has no standing to question the validity of an assignment which is accepted as valid between the creditor and his assignee."  *Id*. at *8 (quoting *Gen. Underwriters*, 233 Minn. 345, 350, 46 N.W.2d at 797-98).

Here, Hill's claim fails because he has not alleged or in any way demonstrated that there is any question about who owns the debt as between the original creditor and ARS.  Of course, this is because there is no legitimate question as between the original creditor and ARS who owns the debt: ARS.  The sole purpose for Hill's spurious claim in this regard is an attempt to avoid repayment on the account.  But, under well-settled law, Hill lacks standing to challenge the sale and assignment absent evidence of confusion between the

19

creditors.  Because no such allegation exists in Hill's Amended Complaint, Hill's claim fails as a matter of law.[5]

### B. In any event, the sale and assignment documents do not constitute a "material" misrepresentation.

Hill next contends that dismissal is unwarranted because he is not required to plead "materiality" in order to establish a misrepresentation claim under §1692e.  (App. Br. at 28-33.)  Hill argues, in the alternative, that even if he is required to plead "materiality," the allegations in the Amended Complaint are sufficient.  (*Id*. at 33-37.)   Hill's claims are misplaced and incorrect.

While the Eighth Circuit has not addressed the issue of "materiality" straight on, the *Hemmingsen* and *Janson* cases provide support for this standard.  Also, district courts in this jurisdiction consistently decide that in order to state a claim under § 1692e for an alleged false or misleading representation, the challenged representation must be *both* false and material.   *Erickson  v.*

---

[5] Hill's reliance on *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) is unavailing.  Even if the Seventh Circuit case were binding on this Court (which it isn't), it is inapposite.  In *Gearing*, the Court addressed FDCPA claims arising from a subrogee's attempt to collect on two bad checks and collect attorney's fees, court costs, and treble damages pursuant to a specific Illinois criminal statute.  *Id.* at 471-72.  The Court concluded that the company failed to comply with the express provisions of the statute in order to obtain subrogee status.  *Id.* at 472.  Thus, the company had no right to pursue the amounts specifically awarded under the statute and its attempt to do so was misleading under the FDCPA.  *Id.*  To the contrary, Hill cites no statute for the proposition that ARS's assignment was invalid.  Hill's vague complaints regarding the content of the sale and assignment documents fail to provide a legal basis to challenge ARS's assignment, much less establish a claim under the FDCPA.

Appellate Case: 16-4356     Page: 29     Date Filed: 02/23/2017 Entry ID: 4504874

*Performant Recovery, Inc.*, No. 12-2818 ADM/FLN, 2013 U.S. Dist. LEXIS 88690, at *13 (D. Minn. June 25, 2013) (holding that in order for a representation to be "false or misleading" the alleged representation must be material); *Caulfield v. Am. Account & Advisors, Inc.*, Civ. No. 12-2761, 2013 U.S. Dist. LEXIS 66935, at *6 (D. Minn. May 10, 2013) (granting defendant's motion for judgment on the pleadings as to plaintiff's claim under § 1692e(10)); *Gnoinska v. Messerli & Kramer, P.A.*, Civ. No. 12-947 (PAM/SER), 2012 U.S. Dist. LEXIS 156614 (D. Minn. Nov. 1, 2012) (granting defendant's motion to dismiss as to plaintiff's claim under § 1692e).

Likewise, the Third, Fourth, Sixth, Seventh, and Ninth Circuits have all concluded that a technically false but non-material statement is not actionable under the FDCPA. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009) ("The statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect). . . . A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (concluding that a false but non-material statement is not actionable under §1692e); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (adopting approach set out by Sixth

21

and Seventh Circuits); *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015) (same); *Jensen v. Pressler & Pressler,* 791 F.3d 413, 421 (3d Cir. 2015) (same); *see also Gabriele v. Am. Home Mortg. Servicing*, 503 F. App'x 89, 94 (2d Cir. 2012) (while not expressly adopting, noting positively that "several other circuit courts, as well as a number of district courts in this Circuit, read a materiality requirement" in the FDCPA).[6]

Courts adopting the "materiality" standard hold that a misrepresentation is only material if it "undermined [the plaintiff's] ability to intelligently choose her action regarding the debt." *Caulfield*, 2013 U.S. Dist. LEXIS 66935, at *6; *see also Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) (representations are only material if they frustrate a consumer's ability to intelligently choose his response). "So, while the FDCPA is a strict liability statute . . . the state of mind of the reasonable debtor is always relevant. The upshot? [The plaintiff] can't win simply by showing that [the company's challenged representation] is false in a technical sense; she has to show that it would mislead the unsophisticated consumer." *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 646 (7th Cir. 2009).

---

[6] In fact, "[n]o Circuit Court that has addressed this issue has disagreed with *Hahn* and held that an immaterial false statement made during the collection of a consumer debt is actionable under the FDCPA." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417-18 (3d Cir. 2015).

Appellate Case: 16-4356   Page: 31   Date Filed: 02/23/2017 Entry ID: 4504874

Here, even if the content of the pleadings could somehow be construed as false or misleading (which they cannot), Hill has not pleaded or otherwise articulated how the challenged content in the alleged pleadings undermined his ability to intelligently choose his action regarding the debt. In fact, Hill concedes that the underlying hearing was contested, that he appeared, and that he presented his arguments in opposition. Moreover, the matter was *dismissed* by the conciliation court. Hill does not allege, nor can he establish, that the challenged representations were "material."

The most Hill has come up with is an argument that the challenged representations were "material" *merely because* he had to appear and defend himself against the collection action. (App. Br. at 33-37.) Hill's argument in this regard is equally unavailing.

As an initial matter, Hill was served with a summons and complaint *requiring* him to appear at the conciliation court hearing; plain and simple. Minn. R. Civ. P. 3.01, 4.01; Minn. R. Gen. Prac. 507, 508. Pursuant to Minnesota law, Hill was *required* to attend or face default. Minn. R. Gen. Prac. 512(f). Thus, Hill's required appearance at conciliation court does not meet the materiality standard because the content of the pleadings did not change his actions regarding the debt.

23

Moreover, Hill's contention – that "materiality" is met any time a consumer appears for a hearing is "contrary to the FDCPA's 'apparent objective of preserving creditors' judicial remedies,' an objective consistent with the principle 'that the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances. . . . There is no need for follow-on §1692e litigation that increases the cost of resolving bona fide debtor-creditor disputes.'" *Hemmingsen*, 674 F.3d at 820-21 (quoting *Heintz v. Jenkins*, 514 U.S. 291, 299, 115 S.Ct. 1489 (1995) and *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741, 103 S. Ct. 2161 (1983)).

### C.    Hill's "account-stated" claim fails as a matter of law.

Hill loosely, and in passing, references a claim for "false representation regarding account-stated liability" a few times in his brief. (App. Br. at 13-14, 25.) But there is no corresponding argument. [7]

In any event, such a claim fails. Hill appears to contend that ARS made a "false representation" in its collection complaint because, in addition to setting out the individual amounts being sought, it also included the "total" amount of the claim – in which it included the §334.01 interest. Hill argues that he never received a billing statement for this "total" sum. He therefore contends, notwithstanding the breakout of the §334.01 interest in the conciliation court

---

[7] *See* Appellant's Statement of Issues at p. 8-9.

24

action, that the account-stated language in the collection complaint was false and misleading.

An account-stated claim is based on a manifestation of assent by a debtor and creditor to a stated sum owed to the creditor. *American Druggists Ins. v. Thompson Lumber Co.*, 349 N.W.2d 569, 573. (Minn. Ct. App. 1984). A party's retention, without objection after a reasonable time, of a statement of account rendered by the creditor is a manifestation of such assent. *Id.* If an account-stated claim is established, it constitutes a promise to pay the balance stated. *Meagher v. Kavli*, 251 Minn. 477, 487, 88 N.W.2d 871, 879 (Minn. 1958); *Erickson v. Gen. United Life Ins. Co.*, 256 N.W.2d 255, 259 (Minn. 1977) (an account stated constitutes a prima facie evidence of the liability of the debtor).

ARS's collection complaint properly set out an account-stated claim. In addition to setting out the "total" amount being requested from the court, the collection complaint went on to provide a detailed explanation of each individual amount comprising the total sought on the account in the action:

> [Hill owes ARS] $3,687.62 plus a filing fee of $70.00, for a total of $3,757.62, plus disbursements because . . . .
>
> The costs for medical services rendered was $2,997.63. Allina Health System sold and assigned [Hill's] Accounts Receivable to [ARS].
>
> [Hill] is indebted to [ARS] on an account stated, for medical services rendered, in the amount of $3,687.62. Included in the above account stated amount is interest of $683.25 assessed to today's date at 6.00% per annum as allowed by Minnesota Statues section 334.01.

Appellate Case: 16-4356   Page: 34   Date Filed: 02/23/2017 Entry ID: 4504874

(Add. at 53.)

The collection complaint included all of the amounts being sought and most certainly did not omit a detailed breakdown of the individual amounts sought as suggested by Hill. For example, as set out *infra* sec. III, ARS is *entitled* to interest under §334.01 and therefore was justified in seeking such interest in the collection complaint.

To the extent Hill takes issue with whether sufficient evidence was presented to establish an *entitlement to recovery* under an account-stated claim, such an argument is an insufficient basis to state a claim. Under *Hemmingsen* and *Janson*, an unsuccessful claim in an underlying collection action alone does not give rise to liability under the FDCPA. The issue is not whether the claim is successful but whether the mere inclusion of the claim in the collection complaint at the outset was false and misleading in a material way.

Simply put, the detailed breakdown of the information included in the collection complaint more than met Minnesota's liberal "notice pleading" standards. *See N. States Power Co. v. Franklin*, 265 Minn. 391, 394, 122 N.W.2d 26, 29 (1963) (pleadings are only required to "give fair notice to the adverse party of the incident giving rise to the suit with sufficient clarity to disclose the pleader's theory upon which his claim is based[.]"); *see also* Minn. R. Civ. P. 8.01; Minn. R. Gen. Prac. 507.

Appellate Case: 16-4356    Page: 35    Date Filed: 02/23/2017 Entry ID: 4504874

Hill's strained interpretation of the complaint does not amount to a claim under the FDCPA. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (the FDCPA "prevents liability for bizarre or idiosyncratic interpretations" of collection communications). In short, there was nothing false or misleading about ARS's complaint.

## III. HILL'S §1692f(1) CLAIM LIKEWISE FAILS BECAUSE ARS PROPERLY SOUGHT INTEREST UNDER MINN. STAT. §334.01.

Hill also contends that ARS's attempted to collect "unauthorized interest" in violation of §1692f(1). (App. Br. at 37-42.) Specifically, Hill (mistakenly) contends that ARS attempted to collect interest in the conciliation court *proceeding pursuant to Minn. Stat. §549.09*. (*Id.*)

Curiously, Hill makes this claim despite the plain language in ARS's conciliation court complaint specifying that interest was being sought *under Minn. Stat. §334.01* (*not* Minn. Stat. §549.09). In any event, Hill argues that Minn. Stat. §549.09 (authorizing preverdict interest) is the applicable statute, and from there, goes on to argue that ARS was not authorized to recover interest under §549.09. (*Id.*) But again, ARS never sought §549.09 interest.

The FDCPA specifically allows a collector to seek interest on a debt, so long as the interest sought is "expressly authorized by the agreement creating the debt or *permitted by law*." 15 U.S.C. §1692f(1) (emphasis added). Minnesota law *does* authorize interest "for any legal indebtedness" at a rate of 6% annually. Minn. Stat. § 334.01, subd. 1 ("The interest for any legal indebtedness shall be at

27

the rate of $ 6 upon $ 100 for a year, unless a different rate is contracted for in writing.").

Minnesota courts recognize that a "creditor is entitled to interest where damages are liquidated, or where damages are unliquidated and the amount due is readily ascertainable by computation or by reference to generally recognized objective standards of measurement." *Egge v. Healthspan Servs. Co.*, No. 00-934 ADM/AJB, 2002 U.S. Dist. LEXIS 23985, at *9 (D. Minn. Oct. 28, 2002) (citing *ICC Leasing Corp. v. Midwestern Mach. Corp.*, 257 N.W.2d 551, 556 (Minn. 1977); *L.P. Med. Specialists, Ltd. v. St. Louis County*, 379 N.W.2d 104, 110 (Minn. Ct. App. 1985).

The Minnesota Supreme Court refers to the ability to collect such interest on debt as an "entitlement." *Donaldson v. Mankato Policemen's Benefit Ass'n*, 278 N.W.2d 533, 538 (Minn. 1979) ("[Plaintiff] is entitled to simple interest at 6 percent per annum, Minn. St. 334.01, on the payments as they become due.").

A "creditor is entitled to interest where damages are liquidated, or where damages are unliquidated and the amount due is readily ascertainable by computation or by reference to generally recognized objective standards of measurement." *Egge v. Healthspan Servs. Co.*, No. 00-934 ADM/AJB, 2002 U.S. Dist. LEXIS 23985, at *9 (D. Minn. Oct. 28, 2002) (citing *ICC Leasing Corp. v. Midwestern Mach. Corp.*, 257 N.W.2d 551, 556 (Minn. 1977); *L.P.*

*Med. Specialists, Ltd. v. St. Louis County*, 379 N.W.2d 104, 110 (Minn. Ct. App. 1985)).

The Minnesota Court of Appeals addressed the interplay between §549.09 and §334.01 in *Hogenson v. Hogenson*, 852 N.W.2d 266 (Minn. Ct. App. 2014). The *Hogenson* Court was asked to consider whether pre-verdict interest on a conversion claim was governed by §334.01 or 549.09. *Id*. at 273. The *Hogenson* Court held that application of §334.01 is not limited to a narrow set of claims. *Id*. Rather, the Court held that:

> [S]ection 549.09 was meant to supplement, not replace, the existing law on preverdict interest. . . Therefore, we conclude that the phrase "[e]xcept as otherwise . . . allowed by law" requires that preverdict interest be calculated under existing common-law principles whenever possible. . . When damages are not readily ascertainable, or when a claim did not allow for preverdict interest prior to the 1984 amendment, preverdict interest should be calculated exclusively under section 549.09, subd. 1(b)[.]

*Id*. at 273-274. Per *Hogenson*, where, as here, damages are readily ascertainable or liquidated (*i.e.,* unpaid medical bills), § 334.01 should be applied. *Id*. at 274.

In addition, Minn. Stat. §549.09(b) expressly provides that: Except as otherwise provided by contract ***or allowed by law***, preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided . . ." *Id*. (emphasis added). In construing the phrase "or allowed by law," the Minnesota Court of Appeals concluded that "section 549.09 was meant to supplement, not replace, the existing law[.]" *Hogenson v. Hogenson*, 852 N.W.2d 266, 273-74

29

(Minn. Ct. App. 2014). The "law" that applies in this case is Minn. Stat. §334.01, which provides that the "interest for any legal indebtedness shall be at the rate of $ 6 upon $ 100 for a year[.]"

In fact, when confronted with the very interplay of Minn. Stat. §549.09 and §334.01 urged by Appellant here, the Minnesota Court of Appeals determined that, "[n]othing in the plain language of section 334.01 would lead us to conclude that it applies only to very specific types of claims." *Hogenson*, 852 N.W.2d at 273-74. To the contrary, the phrase in Minn. Stat. §549.09 "'[e]xcept as otherwise . . . allowed by law' **requires** that preverdict interest be calculated under existing common-law principles [such as Minn. Stat. §334.01] **whenever possible**." *Id.* (emphasis added). Hill has failed to establish why Minn. Stat. §334.01 should not apply here. In fact, the cases cited by Hill in support of his contention that Minn. Stat. §549.09 applies (instead of Minn. Stat. §334.01) were expressly rejected in *Hogenson*.[8]

Thus, "no FDCPA violation can entail from [the collector] having charged interest" to the debt at issue pursuant to §334.01. See *Egge*, No. 00-934

---

[8] *Hogenson* addressed *L.P. Medical Specialists, Ltd. v. St. Louis Cty.*, 379 N.W.2d 104 (Minn. App. 1985), *review denied* (Minn. Jan. 31, 1986), *Nelson v. Ill. Farmers Ins. Co.*, 567 N.W.2d 538 (Minn. App. 1997), *review denied* (Minn. Oct. 21, 1997), and *Best Buy Stores, L.P. v. Developers Diversified Realty Corp.*, 715 F. Supp. 2d 871, 878 (D. Minn. 2010) – and ultimately rejected these cases, concluding that "nothing in the plain language of the section 334.01 would lead us to conclude that it applies only to very specific types of claims, as suggested by this Court in *Nelson*." *Id.* at 273.

30

ADM/AJB, 2002 U.S. Dist. LEXIS 23985, at *19 (finding no FDCPA violation where a medical debt was assigned by a healthcare provider to a collection agency and the collection agency thereafter assessed 6% interest to the unpaid balance pursuant to Minn. Stat. §334.01).

Here, just as in *Egge*, ARS was "permitted by law" to seek 6% interest from Mr. Hill on his "legal indebtedness." Indeed, the underlying collection complaint, in no uncertain terms, expressly stated that interest was being sought pursuant to Minn. Stat. §334.01 (underlining added):

> Defendants are indebted to Plaintiff on an account stated, for medical service rendered, in the amount of $3,687.62. Included in the above account stated amount is interest of $683.25 assessed to today's date at 6.00% per annum <u>as allowed by Minnesota Statutes section 334.01</u>.

Pursuant to controlling Minnesota law, ARS complied with the FDCPA when it lawfully sought interest as "permitted by law" under Minn. Stat. §334.01. Contrary to Hill's unsupported allegation, ARS did not seek prejudgment interest under Minn. Stat. §549.09. Instead, interest was sought under §334.01. Accordingly, Hill's "interest" claim fails.

## IV. LASTLY, HILL'S §1692f "CATCHALL" CLAIM LIKEWISE FAILS BECAUSE IT LACKS INDEPENDENT ALLEGATIONS PLED IN SUPPORT.

As the Eighth Circuit has recognized, "Congress enacted [§] 1692f to catch conduct not otherwise covered by the FDCPA." *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008). As such, §1692f is inapplicable to

31

claims based on conduct that other specific FDCPA provisions directly address. *Id.*; *see also Caulfield*, 2013 WL 1953314, at \*3.

Here, Hill's attempted §1692f claim is premised on the very same allegations comprising his other (futile) claims. Without independent allegations pled in support, and because these claims all fail, Hill's §1692f claim also fails as a matter of law.

## CONCLUSION

Appellee ARS respectfully requests the Court affirm the District Court's Order granting ARS's motion for judgment on the pleadings dismissing Appellant Hill's claims in their entirety.

BASSFORD REMELE
*A Professional Association*

Dated: February 23, 2017        By: *s/ Jessica L. Klander*
                                Michael A. Klutho (MN #186302)
                                Jessica L. Klander (MN #392290)
                                *Attorneys for Appellee Accounts Receivable Services, LLC*
                                100 South 5th Street, Suite 1500
                                Minneapolis, MN 55402-1254
                                Phone:      612-333-3000
                                Facsimile:  612-333-8829
                                mklutho@bassford.com
                                jklander@bassford.com

32

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 23(a)(7)(B)(i) because it contains 7,204 words, excluding the parts of the brief excepted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2010 in Times New Roman font style in size 14.

Dated: February 23, 2017        *s/ Jessica L. Klander*
                                Jessica L. Klander (MN #392290)

Appellate Case: 16-4356    Page: 42    Date Filed: 02/23/2017 Entry ID: 4504874

## CERTIFICATE OF VIRUS FREE

Pursuant to Rule 28A(h)(2) of the Eighth Circuit Rules of Appellate Procedure, the undersigned counsel for Appellee certifies that the attached Responsive Brief has been scanned for computer viruses and is virus-free.


Dated: February 23, 2017        *s/ Jessica L. Klander*
                                Jessica L. Klander (MN #392290)

34

**Paul Hill v. Accounts Receivable Services, LLC**
**Case No. 16-4356**

## CERTIFICATE OF SERVICE
## FOR DOCUMENTS FILED USING CM/ECF

I hereby certify that on February 23, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

(Name(s) and Address(es))

None.

Dated: February 23, 2017     *s/ Jessica L. Klander*
                             Jessica L. Klander (MN #392290)

1636512.docx

35