# DBS LAW LLC
### Darren Brayer Schwiebert, Esq.

July 27, 2017

Michael E. Gans
Clerk of Court
Eighth Circuit Court of Appeals
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: Docket No. 16-4356; *Paul Hill v. Accounts Receivable Services, LLC*

Dear Mr. Gans,

This letter is sent pursuant to Fed. R. App. P. 28(j). Appellant submits the following supplemental authority for consideration by the Court:

1. *Henson v. Santander Consumer USA Inc.*, 582 U.S. ___, 198 L. Ed. 2d 177, 184 (June 12, 2017) (rejecting judicial attempts to rewrite the plain language of the FDPCA as drafted by Congress and holding, "we will not presume with petitioners that any result consistent with their account of the [FDCPA] statute's overarching goal must be the law but will presume more modestly instead that the legislature says . . . what it means and means . . . what it says.") (ellipses in original) (citation omitted).

2. *Sayles v. Advanced Recovery Sys.*, 2017 U.S. App. LEXIS 12080, *6 n.2 (5th Cir. July 6, 2017) (rejecting importation of a "materiality" requirement into § 1692e(8) of the FDCPA because "[W]here the language of an enactment is clear, and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended.") (citation omitted).

These cases relate to the issue of whether Courts should graft a "materiality" requirement into the FDCPA, as discussed on pages 28-36 of Appellant's Principal Brief, and on pages 15-27 of Appellant's Reply Brief.

Respectfully,

*s/Darren Brayer Schwiebert*

Darren Brayer Schwiebert

**301 Fourth Ave South, Suite 280N**
**Minneapolis, Minnesota 55415**
**Email: Darren@DBSLawMN.com**
**Phone: 612-501-6008**